No. 74.—PATRICK DUFFY, plaintiff in error, vs. A. S. RUTHERFORD, and JOHN E. DAWSON, defendants in error.

At a sheriff's sale, A. bid one dollar, B. bid two dollars, A. bid three dollars, B. bid three dollars and a half; but the sheriff fraudulently refused to cry this bid, and knocked off the property to A. at three dollars.

*Held*, That B. had the right to go into equity, and have the sale resumed at the point of his bid.

In Equity, in Muscogee Superior Court. Decision on Demurrer, by Judge WORRILL, June Term, 1856.

This was a bill filed by Patrick Duffy, the complainant, against Adolphus S. Rutherford, sheriff, and John E. Dawson, defendants. The bill alleges, that at the sale of the Howard Manufactory, and the buildings and machinery thereto attached, made by said Rutherford as sheriff, on the first Tuesday in April, 1853, under sundry *fi. fas.* against said company, the complainant was the highest and last bidder for said property, he bidding three dollars and fifty cents therefor, but that the sheriff knocked down the said property to said Dawson, whose bid was only three dollars.

The bill alleges that complainant demanded that titles for said property should be executed to him, that he had made a tender of the amount of his bid, but that Rutherford refused to receive said sum, or to make and execute to him titles.

The bills prays for an injunction to restrain said sheriff. from executing titles to Dawson, and that he be compelled to convey to complainant.

To this bill defendants demurred for want of equity. The presiding Judge sustained the demurrer, and dismissed the bill.

Thereupon complainant's counsel excepted, and assigns error.

SLOAN, for plaintiff in error.

DOUGHERTY, for defendants in error.

*By the Court.*—BENNING J. delivering the opinion.

The bill has in it the following statement; "during the time of the sale of said property, one John E. Dawson, then and there of said county, bid the sum of one dollar for said property, and your orator bid two dollars for the said property, and John E. Dawson bid three dollars for said property, and your orator bid three dollars and fifty cents for said property, which last bid of your orator for the said property, the said Rutherford did not, and would not cry, and totally and fraudulently disregarded your orator's bid; and the said property was, by said Rutherford, knocked off to John E. Dawson, at the price and sum of three dollars."

In this statement is contained the whole of the complainant's case. And the question is, what rights did he acquire by virtue of the facts set forth in the statement?

He did not acquire the absolute right to the property, because the sheriff never assented to his bid; and because it is not certain, that if the sheriff had assented to the bid, and cried the bid, it would have remained the highest bid. If the bid had been cried, Mr. Dawson might have made a higher bid. A higher bid would have subserved the interests of both the plaintiff and the defendant in the *fi. fa.*

It is plain, that in equity, the complainant is not entitled to the property as yet.

Still, it is equally plain, that he acquired some thing by his bid; what then was it? This manifestly: The right to have his bid cried by the sheriff, and after the bid had been cried, the right to have the property knocked off to him, provided no higher bid than his was made.

Can a Court of Equity give the complainant the benefit of this right, by ordering the sale of the property to be resumed at the point of the complainant's bid? It certainly can, for aught that appears by the bill.

And this Court thinks that a Court of Equity ought to do so; especially as that course might best subserve the interests of the plaintiff and the defendant in the *fi. fa.*, as well as the interest of the complainant.

Accordingly, the judgment of this Court is, that the title made to Dawson ought to be set aside, and that the property ought to be again exposed to sale, and offered at the bid of the complainant; and ought to he knocked off to him at that bid, provided there should be no higher bid; but if there should be a higher bid, or higher bid, that it ought to be koocked off to the person making the highest bid; such re-sale to take place on a and after the usual sheriff's advertisement.