BENJAMIN F. WILLIAMS, plaintiff in error, *vs.* SAMUEL L. BARLOW, defendant in error.

1. It was error in the Court to charge "that upon the failure of the purchaser at sheriff's sale to comply with the terms of the sale, the sheriff might lawfully put up and sell the property at a subsequent sale day, without readvertising the property, and that, in the meantime, he had the right to sell and convey the property to any person who would come forward and take the bid off the delinquent bidder's hands, and pay the money, particularly if it was acquiesced in by the delinquent bidder."
2. Where property was advertised for December sales, but was not sold until the first Tuesday in January, and then without any new advertisement, and the purchaser failed to comply with the terms of the sale, but some days afterwards transferred his bid to another who did comply, receiving a conveyance from the sheriff:
*Held,* That he acquired no title.

Judicial sale. Sheriff. Title. Before Judge SESSIONS. Ware Superior Court. September Term, 1872.

For the facts of this case, see the decision.

W. B. FLEMMING, for plaintiff in error.

WILLIAM WILLIAMS, by LESTER & THOMSON, for defendant.

Williams *vs.* Barlow.

WARNER, Chief Justice.

1. This was an action of trover brought by the plaintiff against the defendant, to recover the value of a steam saw-mill, including steam engine, boiler, trucks, chains, saws, and all other machinery belonging to said steam saw-mill. On the trial of the case, the jury found a verdict for the defendant. A motion was made for a new trial, which was granted by the Court, and the defendant excepted. The defendant claims title to the property under a pretended sheriff's sale, by virtue of a certain lien *fi. fa.* which had been levied thereon in favor of Scarlett *vs.* Gordon *et al.* The Court granted the new trial on the ground of error in the charge of the Court to the jury, "that upon the failure of the purchaser at sheriff's sale to comply with the terms of the sale, that the sheriff might lawfully put up and sell the property at a subsequent sale day without re-advertising the property, and that, in the meantime, he had the right to sell and convey the property to any person who would come forward and take the bid off the delinquent bidder's hands and pay the money, particularly if it was acquiesced in by the delinquent bidder." The new trial was properly granted on this ground, in view of the evidence contained in the record.

2. The property had been advertised to be sold by the sheriff of Camden on the first Tuesday in December, 1868, to satisfy a *fi. fa.* under the lien law, in favor of Scarlett *vs.* Gordon. On the first Tuesday in January, 1869, the property was sold by the sheriff under the December advertisement, and the sheriff was told at the time the sale was not legal, and it was bid off for the sum of $405 00, the bidder not complying with the terms of the sale, but some days afterwards transferred his bid to the defendant, who was not present at the sale, and he paid the amount of the bid to the sheriff, who conveyed to him a title to the property for that sum, when the evidence in the record shows the property was worth $2,000 00 or $2,500 00. The objection is that the sale on the first Tuesday in January, 1869, under which the

defendant claims, not being a legal sale, and known not to be so at the time, the property did not bring one-fourth its value at that sale. It is asking quite too much of this Court to control the discretion of the Court below in granting a new trial on the statement of facts disclosed in the record before us. The plaintiff should not be deprived of his title to his property under the mere form and color of pretended legal proceedings, and we are here to see to it that he shall not be.

Let the judgment of the Court below be affirmed.