## ELDER *v.* BONDED MORTGAGE CORPORATION.

No. 10635. MAY 17, 1935.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

BECK, Presiding Justice. The Bonded Mortgage Corporation filed a petition for mandamus absolute against Elder, municipal revenue collector of the City of Atlanta. A demurrer to this petition was overruled, and the present bill of exceptions was filed. The petition alleged that Elder as ex-officio marshal had levied on certain parcels of land owned by various people, and, after advertisement, offered them for sale at public outcry, first offering five feet; then ten feet; and so on until he offered the entire parcel. Certain property was offered on which the defendant in error bid "the amount of taxes, cost, and interest." This was for an amount less than the full amount of the property seized. Elder refused to accept the bid, and offered the whole parcel for sale, when a larger amount was received therefor, and the property was declared sold to the bidder offering the excess bid for the entire amount. The plaintiff alleged that the act of the marshal in "knocking down" the entire parcel, after receipt of a bid from it for "taxes, costs, and interest," was illegal, and that the acceptance of a bid in excess of the amount of taxes, etc., was burdensome to the property owner; that it was the duty of Elder to execute deeds to the proportions of the property on which plaintiff had bid; that it had demanded deeds to parts of parcels bid on by it, and Elder declined to give the deeds, stating that he intended to make deeds to parties whose bids had been accepted. The plaintiff "tendered" the amount of its bid on each parcel bid, and continued to tender said sums. It prayed for the writ of mandamus absolute requiring Elder to execute deeds on parts of the parcels of land covered by its bids. A general demurrer was filed, one ground thereof being,

in substance, that it appeared from the petition that the petitioner made a bid which was not accepted; that the bid was a mere offer until accepted; that there was no contract, and petitioner was not entitled to mandamus on this ground. The court overruled the demurrer, and the defendant excepted.

We are of the opinion that the demurrer upon the ground that the bid was not accepted, and that there was no contract which would entitle the petitioner to mandamus absolute, should have been sustained. Every bidding is merely an offer on one side, which is not binding on either side until assented to. *Tillman* v. *Dunman,* 114 *Ga.* 406 (40 S. E. 244, 57 L. R. A. 784, 88 Am. St. R. 28). "A bid at a judicial sale is a mere offer." "There is no sale of the property until it has been struck off to the bidder." Blosser *v.* Milwaukee &c. R. Co., 3 Wall. 196 (18 L. ed. 43). In 16 R. C. L. 66, citing *Tillman* v. *Dunman,* supra, this language is used: "The highest and best bidder . . acquires no right to compel a conveyance of the property to him, for the reason that until the property is knocked off there is no acceptance of his offer, and no contract." See note in 57 L. R. A. 784. It appears in *Duffy* v. *Rutherford,* 21 *Ga.* 363 (68 Am. D. 459), that a party at a sheriff's sale bid one dollar, and another party bid two dollars; the first party bid three dollars, and the second party bid three and a half dollars; but the property was knocked off to the first bidder for three dollars. In that case the court said that the plaintiff, the second bidder, " did not acquire the absolute right to the property, because the sheriff never assented to his bid; and because it is not certain that if the sheriff had assented to the bid and cried the bid, it would have remained the highest bid. · If the bid had been cried, Mr. Dawson might have made a higher bid. A higher bid would have subserved the interests of both the plaintiff and the defendant in fi. fa. It is plain that in equity the complainant is not entitled to the property as yet. Still, it is equally plain that he acquired something by his bid; what then was it? This manifestly: the right to have his bid cried by the sheriff, and after the bid had been cried, the right to have the property knocked off to him, provided no higher bid than his was made." Under the facts alleged in the petition and the principles laid down in the cases cited, the petitioner was not entitled to mandamus absolute, and the court erred in not sustaining the general demurrer.

The other grounds of the demurrer are not referred to, as the ruling above stated is controlling in the case.

*Judgment reversed. All the Justices concur.*