## CITIZENS BANK OF FORSYTH v. COUNTY OF LAMAR.

No. 12468. November 19, 1938.

*Williams & Freeman,* for plaintiff in error. *J. R. Terrell* and *E. O. Dobbs,* contra.

126

ATKINSON, Presiding Justice. 1. "Sales under tax executions shall be made under the rules governing judicial sales." Code, § 92-8102. "Sales of property taken under execution shall be made by the sheriffs or coroners only at the court-house of the county where such levy was made, on the first Tuesday in each month, between the hours of 10 a. m. and 4 p. m., and at public outcry." § 39-1201. The property should be knocked off to the highest bidder. *Duffy* v. *Rutherford*, 21 *Ga.* 363 (68 Am. D. 459). On failure of the highest bidder to comply with his bid, the sheriff has no authority to convey the property to the next highest bidder. See 23 C. J. 646, § 609. Under application of the foregoing principles, where land levied on as property of a named person, under an execution against such person for State and county taxes, was offered for sale by the sheriff on the regular sales day as referred to above, and the county bid $925 for the land, whereupon a bank bid $926, and it was knocked off to the bank, and where the bank did not on the day of sale pay the purchase-price or receive a deed, but some time thereafter "waived" its bid in favor of the county in order that the sheriff might make a deed to the county upon the county's bid, which was also assented to by the defendant in the tax fi. fa., and in pursuance of such arrangement the county subsequently paid $925, the amount of its bid, and received from the sheriff a deed conveying the property, the transaction did not constitute a judicial sale of the land to the county, and the deed was void as against the holder of an outstanding security deed executed by the defendant in fi. fa. before the accrual of the taxes. This case differs on its facts from *Johnson* v. *Reese*, 28 *Ga.* 353 (73 Am. D. 757) ; *Burson* v. *Shields*, 160 *Ga.* 723 (4) (129 S. E. 22), and similar cases holding that where all other requirements of a judicial sale have been met, the failure of the sheriff to properly advertise the property for sale does not render void the title of the purchaser at such sale, where there is no collusion between the sheriff and the purchaser. See *Williams* v. *Barlow*, 49 *Ga.* 530, Code, § 39-1301.

2. The foregoing rules adversely to the defendant in error on a controlling question in the case, which renders it unnecessary to deal with other questions presented by the record and discussed in the briefs.

3. Under the pleadings and the uncontradicted evidence the judge erred, at interlocutory hearing, in continuing of force the previous order restraining the holder of the security deed from selling the land under exercise of the power of sale.

*Judgment reversed. All the. Justices concur, except Russell, C. J., absent because of illness.*