## 33401. WACHOVIA MORTGAGE COMPANY v. DeKALB COUNTY.

BOWLES, Justice.

This case was before the Superior Court of DeKalb County on cross motions for summary judgment subsequent to the stipulation of all material facts by the parties. The appellant, Wachovia Mortgage Company, appeals from the court's order which denied their motion for summary judgment but granted summary judgment in favor of the appellee, DeKalb County.

The appellant was the holder of a deed to secure debt which conveyed to them seven lots owned by Belvedere Builders, Inc., one of which was known as Lot 16, Block D., Essex Farms Subdivision (hereinafter referred to as Lot 16). In December of 1974, DeKalb County issued 115 different tax fi. fas. covering 113 lots owned by Belvedere Builders, Inc. The fi. fas. included seven fi. fas. issued for 1974 taxes on the seven lots subject to the appellant's deed to secure debt, as well as 106 other fi. fas. for 1974 taxes and two fi. fas. for 1973 taxes issued with respect to 106 lots owned by Belvedere Builders, Inc. but not included in appellant's deed to secure debt.

In June of 1975, the appellee caused to be levied upon and advertised for sale Lot 16, to satisfy these 115 tax fi. fas. On July 1, 1975, DeKalb County, being the highest and only bidder at the tax sale, purchased Lot 16 for $26,126.68, the exact total amount due under the 115 tax fi. fas. A sheriff's tax deed conveying Lot 16 to the appellee for that amount was filed on July 15, 1975.

Thereafter, the appellee learned that two of the 115 tax fi. fas. had been satisfied prior to sale. Without readvertising or reselling, a "corrective deed" was privately issued to the appellee reducing the consideration paid for Lot 16 by $384.64. The "corrective tax deed" was filed on August 20, 1975.

In May of 1976, appellant exercised its power of sale contained in its deed to secure debt and purchased Lot 16 at the foreclosure sale. Appellant received a foreclosure deed which recited appellant's interest in Lot 16 as being subject to the rights of DeKalb County in and to said lot under the aforementioned "corrective tax deed." On

September 29, 1976, appellee served notice to foreclose the right of redemption upon the appellant. Thereupon appellant tendered $5,738.43, the amount due on the fi. fas. issued on the seven lots secured by appellant's deed to secure debt, to the appellee as the full redemption price of Lot 16. Appellee rejected this cash tender claiming that the redemption price was not that amount but $33,484.38, the amount paid at the tax sale for Lot 16 including penalties.

Appellant brought suit in two counts: Count 1 sought to compel appellee to accept the tendered amount in full redemption of Lot 16, while Count 2 sought to set aside, cancel and invalidate the tax sale and resulting "corrective tax deed" on grounds that Lot 16 had been sold to satisfy fi. fas. which had already been satisfied of record prior to levy and sale. The trial court found appellee's title to said property to be valid and further held the redemption price for Lot 16 to be as contended by appellee. The trial court, therefore, denied appellant's motion for summary judgment and granted that of appellee. We reverse.

1. Code Ann. § 92-8201 authorizes the Board of Commissioners of Roads & Revenues to "purchase and hold in their official capacity any real property offered for sale by virtue of tax executions: Provided, that said commissioners. . . shall only be authorized to bid on such real property when other bids do not cover the amount of said tax executions and costs; and provided further, that *said commissioners. . . shall not bid more for said property than the amount of taxes and costs.*"

In the instant case it is clear that DeKalb County was authorized to bid only $25,741.84 at the July 1st sale. The county's bid of $26,126.68 was not authorized by law and, could not be made correct by the issuance of a "corrective tax deed" after the sale date, by arbitrarily reducing the bid price for Lot 16 to an amount the county would have been authorized to make at the public tax sale. Such procedure fails to comply with the laws of our state governing judicial sales. Code Ann. § 39-1101 et seq.

Tax executions and sales are governed largely by rules governing judicial sales. Code Ann. § 92-8102. These

rules establish a duty upon the sheriff to publish weekly, for four weeks immediately preceding the sale, notice of sale. Code Ann. § 39-1101. Sales of property are to be made at the county courthouse, at public outcry, to the highest bidder for cash, on the first Tuesday in any month, between the hours of 10 a. m. and 4 p. m. Code Ann. § 39-1201. The officer conducting the judicial sale must keep the sale open until a *competent* bid is received or until he is satisfied that such a bid will not be offered. See 18 EGL 556, Judicial Sales, § 13 (1970). Upon the failure of the purchaser to comply with a high bid the sheriff does not have the authority to convey the property to the next highest bidder (*Citizens Bank of Forsyth v. Lamar County,* 187 Ga. 123, 126 (200 SE 257) (1938)), but may resell the property within legal hours on the same day without readvertisement. *Humphrey v. McGill,* 59 Ga. 649 (2) (1877); 18 EGL 557, Judicial Sales, § 14 (1970).

Upon the county's failure to comply with its original unauthorized bid, the sheriff had no authority to accept the county's lower bid made after the July 1st sale without first readvertising the property and conducting a new sale in accordance with the statutory provisions governing judicial sales.

"Courts have full power over their officers and their acts in making execution sales, so far as to correct wrongs and abuses, errors, irregularities, mistakes, omissions, and frauds; and whenever they are satisfied that a sale made under process is infected with fraud, irregularity, or error, to the injury of either party, or that the officer selling is guilty of any wrong, irregularity or breach of duty, to the injury of the parties in interest, or either or any of them, *the sale will be set aside;* and so also where there had been a wilful disregard of the law as to the manner of selling." (Emphasis supplied.) *Parker v. Glenn,* 72 Ga. 637 (3) (1884); Code Ann. § 39-1316; 18 EGL 564, Judicial Sales, § 26 (1970). The tax sale in this instance not being in compliance with the law, must be set aside and the judgment of the court below reversed.

2. Because of our holding in Division 1, we need not reach the other questions presented on appeal.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED MARCH 15, 1978 — DECIDED
JUNE 27, 1978.

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard, David K. Whatley,* for appellant.
*George P. Dillard, Norman L. Gundel,* for appellee.