## S97A0830. FARRIS et al. v. NATIONSBANC MORTGAGE CORPORATION et al.
### (493 SE2d 143)

HINES, Justice.

Harold Farris and his wife Pauline Farris appeal the grant of Victor Warren Properties, Incorporated's ("VWP") motion to dismiss VWP from the Farrises' suit. The case arises from the sale of real estate pursuant to a deed to secure debt.

In 1975, the Farrises gave a deed to secure debt on their residence, and the deed was eventually transferred to Standard Federal Bank and serviced by Nationsbanc Mortgage Corporation. In a deed filed January 20, 1993, Harold Farris quitclaimed any interest he had in the property to Pauline Farris. Harold Farris filed a Chapter 13 bankruptcy petition in December 1995, without listing Standard Federal or Nationsbanc as a creditor. Nationsbanc began proceedings to foreclose on the property on April 1, 1996. Harold Farris subsequently added Nationsbanc to the list of creditors in his bankruptcy petition, and informed Nationsbanc that he had an interest in the property based upon an unrecorded 1994 deed by which Pauline Farris conveyed the property to both him and herself. On May 6, 1996, the bankruptcy court dismissed Harold Farris' bankruptcy petition with prejudice, and the property was sold at auction the next day to VWP for $80,400.[1]

---

[1] There is no suggestion that this amount produced a deficiency. See OCGA § 44-14-161.

VWP brought a dispossessory action against the Farrises. The Farrises filed a complaint in superior court against Nationsbanc, the law firm that performed the foreclosure sale for Nationsbanc, the Internal Revenue Service, and VWP, seeking an injunction against the dispossession, ejectment of VWP, cancellation of the foreclosure sale, and damages for wrongful foreclosure, asserting that the foreclosure sale and associated advertisements violated the bankruptcy automatic stay. See 11 USC § 362. On July 29, 1996, VWP filed a motion to dismiss it from the Farrises' action asserting, inter alia, failure to state a claim upon which relief could be granted. See OCGA § 9-11-12 (b) (6).

On October 10, 1996, the bankruptcy court issued an order pursuant to Standard Federal's motion to reopen Harold Farris' bankruptcy case to address the effect of the stay. The court found there was no notice of any bankruptcy implications respecting the foreclosure until April 30, 1996, and that all foreclosure actions but the sale had already been performed by that date. The court ruled that the May 7 foreclosure sale did not violate the automatic stay because the bankruptcy was dismissed on May 6, and therefore did not take place during the pendency of the bankruptcy. To the extent the stay was violated by the sale, the bankruptcy court declared the stay retroactively annulled ab initio.[2] See *Albany Partners, Ltd. v. Westbrook*, 749 F2d 670 (11th Cir. 1984).

On October 22, 1996, VWP amended its motion to dismiss, arguing that the bankruptcy court's order, which it attached to its motion, removed any claim the Farrises had against VWP because such claims were based on the allegation that the sale violated the automatic stay. The superior court acted on the motion to dismiss on November 26, 1996, "having considered the full record and all submissions." The court granted the motion and dismissed VWP, noting that the foreclosure sale did not violate the bankruptcy automatic stay, and ruling that VWP was a bona fide purchaser for value without notice of any interest Harold Farris may have held. See OCGA § 23-1-20.

1. The Farrises first contend the court could not, on a motion to dismiss, rule that VWP was a bona fide purchaser. A motion to dismiss is converted to a motion for summary judgment if matters outside the pleadings are presented to the court and not excluded by it. OCGA § 9-11-12 (b). VWP not only included the order of the bankruptcy court with its amended motion, but referred to testimony given at an earlier superior court hearing. The motion to dismiss was converted to a motion for summary judgment and the question is

---

[2] This decision was affirmed by the District Court for the Northern District of Georgia.

whether there was any genuine issue of material fact as to VWP's status as a bona fide purchaser for value.

2. A bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice. See OCGA §§ 23-1-19; 23-1-20; *Dime Sav. Bank v. Sandy Springs Assoc.*, 261 Ga. 485, 487 (4) (405 SE2d 491) (1991). The Farrises contend VWP is not a bona fide purchaser for value because VWP had, before the sale, notice as a matter of law of Harold Farris' interest in the land and that the sale was in violation of the bankruptcy stay.

It is uncontested that any examination of deeds of record prior to the foreclosure would reveal that only Pauline Farris had any interest in the property. The Farrises, however, argue that notice of Harold Farris' interest was nonetheless given by his possession of the residence, and that having notice, VWP had a duty to inquire which, had it been fulfilled, would have revealed the pendency of Harold Farris' bankruptcy. See OCGA §§ 23-1-17; 44-5-169. However, while inquiry might have revealed pendency of the bankruptcy action, in this case the bankruptcy court ruled that the stay was annulled ab initio as it related to this sale. Thus, the stay cannot serve as any basis for a wrongful foreclosure claim; it did not exist as far as this sale is concerned and consequently was not violated by the sale. Any notice of Harold Farris' claim due to his possession does not affect VWP's status as a bona fide purchaser.[3]

The Farrises also contend actual notice of Harold Farris' interest was given to Nationsbanc prior to the sale. There is, however, no evidence that any such notice was communicated to VWP and any alleged wrongful conduct on Nationsbanc's part is not chargeable to VWP. OCGA § 23-1-19.

As the only evidence shows VWP was a bona fide purchaser for value, the court did not err in so ruling. This is dispositive of the Farrises' assertion that the court erred in denying injunctive relief, and the court was not required to make findings of fact and conclusions of law in ruling on the injunction as none were requested. OCGA § 9-11-52 (a); *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 460 (3) (369 SE2d 736) (1988).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only.*

DECIDED NOVEMBER 17, 1997 —
RECONSIDERATION DENIED DECEMBER 19, 1997.

Harold J. Farris, Pauline M. Farris, *pro se.*

---

[3] The Farrises also argue the sale was void because it violated the bankruptcy stay, but this too is precluded by the ruling that the stay was void ab initio.

*Lefkoff, Duncan, Miller, Grimes, Miller & Barwick, John R. Grimes, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin, Scott H. Michalove,* for appellees.