S99A0935, S99X0936. FREEMAN et al. v. EASTERN SAVINGS BANK; and vice versa.
(520 SE2d 902)

HUNSTEIN, Justice.

The property in issue in these appeals was purchased at a Cobb County tax sale by Prudential Development, an alleged trade name of Kennesaw Lanes, Inc., which is owned by James Freeman II. Notice of intent to foreclose the right to redeem the property was given and on the last day of the redemption period, Eastern Savings Bank ("ESB") timely tendered an amount adequate to redeem the property. The tender was rejected on the basis that ESB's interest in the property could not be validated. The property was thereafter conveyed to a third party by a deed to secure debt. ESB filed suit for declaratory judgment and sought cancellation of the tax deed and the deed to secure debt as well as equitable relief compelling defendants to honor ESB's right of redemption. For the reasons that follow, we affirm the trial court's ruling in favor of ESB in the main appeal and dismiss as moot the cross-appeal.

1. In Case No. S99A0935, Freeman and Kennesaw Lanes, Inc. ("appellants") contend the trial court erred by finding that ESB, as a matter of law, had a right to redeem the subject property. OCGA § 48-4-40 provides that

[w]henever any real property is sold under or by virtue of an execution issued for the collection of [taxes], the defendant in fi. fa. *or any person having any right, title, or interest in or lien upon such property* may redeem the property from the sale by the payment of the redemption price or the amount required for redemption [within the statutory period].

(Emphasis supplied.) Based on our review of the documentary evidence adduced by the parties, we conclude that the record supports the trial court's finding that ESB's interest in the property existed prior to the close of the right to redeem. The record reveals that the property in issue was used as security for a series of cross-collaterized loans. The successor bank involved in these loans went into receivership and the Resolution Trust Corporation, as receiver for the bank, sold a loan secured by the property to ESB in 1994. Although appellants challenge the effectiveness of the recordation of the transaction between ESB and the RTC, there is no requirement in OCGA § 48-4-40 that a party's valid interest in property must be recorded in the county's deed books before the party is entitled to redeem the property. Lack of such recordation affects only the notification duties imposed on the holder of the tax deed. See OCGA § 48-4-45 (a) (1) (C).

Accordingly, because ESB had a right to redeem the subject property and no fact question remained that ESB timely and properly exercised that right, the trial court did not err by ordering appellants to accept ESB's tender and quitclaim all interest in the subject property acquired by the tax deed. It follows that the trial court properly canceled the security deed and agreement conveying appellants' interest in the property to a third party.

2. Our holding in Case No. S99A0935 renders it unnecessary for us to address the cross-appeal filed by ESB from the trial court's denial of summary judgment on ESB's claim that the tax deed issued to Prudential Development by the Cobb County Tax Commissioner was void because it was issued to a person not in esse.

*Judgment affirmed in Case No. S99A0935; appeal dismissed in Case No. S99X0936. All the Justices concur, except Hines, J., not participating.*

DECIDED SEPTEMBER 13, 1999.

*Womble, Carlyle, Sandridge & Rice, Nisbet S. Kendrick III, Nora K. Bell,* for appellants.

*Moore, Ingram, Johnson & Steele, G. Phillip Beggs, William C. Buhay,* for appellee.