S01A0085. McKEEN v. FEDERAL DEPOSIT INSURANCE CORPORATION et al.
S01X0091. NATIONSBANK v. McKEEN et al.
(549 SE2d 104)

BENHAM, Justice.

On March 10, 1988, Rogers L. Tucker purchased property in Troup County, Georgia and executed a note secured by a deed in favor of Fulton Federal Savings Association ("Fulton Federal") to partially finance the purchase of the property. The deed was recorded in the official deed records of the Clerk of the Superior Court of Troup County. In 1989, Fulton Federal was placed in the receivership of the Federal Deposit Insurance Corporation ("FDIC"), from which NationsBank acquired the property.

On April 26, 1993, Tucker filed a Chapter 13 petition for bankruptcy. The Troup County Tax Commissioner's Office ("Troup County") filed a proof of claim in the bankruptcy court. However, without seeking relief from the bankruptcy court, Troup County filed a notice of levy on the property for uncollected property taxes and advertised the property for sale. Troup County sent notification of the levy and sale to Tucker, but not to FDIC, Fulton Federal, or NationsBank. On June 29, 1994, the bankruptcy court dismissed Tucker's case. Six days later, the Troup County Sheriff sold the property to Lamar McKeen and the deed was recorded by the Clerk of the

---

[6] *Hill*, 474 U. S. at 59. Accord *Williams*, 270 Ga. at 581.

Superior Court of Troup County.

On February 2, 1995, Tucker filed another petition for Chapter 13 bankruptcy. McKeen did not receive notice of the bankruptcy petition, and proceeded to serve a notice of foreclosure and right to redeem on Tucker in September 1995 and advertised the foreclosure in the local newspaper. McKeen also attempted to mail a notice of foreclosure and right to redeem to Fulton Federal, which was still listed as a lienholder on the property instead of FDIC or NationsBank. Tucker's second Chapter 13 bankruptcy petition was dismissed on December 4, 1996, and on the same day, Tucker filed a petition for Chapter 7 bankruptcy relief. On January 2, 1997, the bankruptcy court granted NationsBank's loan servicer permission to foreclose on the property. It was then discovered that the property had been sold to McKeen two and a half years earlier. FDIC then filed a complaint in the Superior Court of Troup County to determine the ownership of the property. The trial court adopted the report of the Special Master finding that the sale of the property to McKeen was valid, but that McKeen's foreclosure on the right of redemption was void. In Case No. S01A0085, McKeen asserts that the trial court erred in ruling that his foreclosure on the right of redemption was void. On cross-appeal, FDIC's successor in interest, NationsBank, asserts that the trial court erred when it did not declare void the county's sale of the property to McKeen. We consider first the cross-appeal because only if the judgment survives the cross-appeal will we need to consider the issue raised in the main appeal.

### Case No. S01X0091

NationsBank argues that Troup County violated the bankruptcy stay by filing a notice of levy and advertising the property without seeking stay relief from the bankruptcy court and that, as a result, those actions are void. Without a valid notice of levy and advertisement, NationsBank contends, the tax sale did not conform to the statutory requirements of a valid sale under OCGA § 48-2-55, and NationsBank continues to hold a first priority security deed.

Troup County, on the other hand, argues that actions taken in violation of a stay are merely voidable by the creditor or trustee rather than void ab initio and that 28 USC § 1334, which provides that an action to set aside a transfer may not be commenced after the earliest of two years after the transfer or two years from the time the case is closed or dismissed, precluded any action by a creditor, trustee and, consequently, NationsBank. In support of its arguments, Troup County relies on Cole v. Shoffner, 205 Ga. App. 65 (421 SE2d 322) (1992), where the Court of Appeals relied upon In re Albany Partners, Ltd., 749 F2d 670 (11th Cir. 1984), a case cited by Sikes v.

*Global Marine*, 881 F2d 176 (5th Cir. 1989), for this proposition. However, *Albany* does not stand for the proposition that in the Eleventh Circuit actions in violation of a stay are not void ab initio.[1] Rather, *Albany* stated that the general rule in the Eleventh Circuit is that such actions are void ab initio, but the stay may be annulled at the discretion of the trial court, particularly where there are issues of bad faith, which has not been alleged here. This reading of *Albany* has been used in subsequently decided cases. *Jennings Enterprises v. Carte*, 224 Ga. App. 538 (1) (481 SE2d 541) (1997); see also *Hope v. United Cos. Funding*, 260 B.R. 571, 577 (M.D. Ga. 2001); *IMC Mtg. Co. v. Brown*, 251 B.R. 916, 918 (M.D. Ga. 2000); *Barnett Bank, N.A. v. Trust Co. Bank*, 178 B.R. 570, 578-579 (S.D. Ga. 1997); *Carpio v. Smith*, 213 B.R. 744, 749 (W.D. Mo. 1997). The court in *Brown* further observed that the general rule in the Eleventh Circuit is that actions taken in violation of a stay are void ab initio and that *Albany* represented an exception to this general rule due to equitable considerations.

Therefore, we acknowledge that the general rule in the Eleventh Circuit is that actions taken in violation of an automatic stay are void ab initio, and persuaded of the correctness of that rule, we overrule *Cole*, supra. Filing a notice of levy and advertising the property for sale are actions that are clearly stayed during the pendency of a bankruptcy. 11 USC § 362 (a) (4); see *Barnett Bank*, supra; *Washington v. Internal Revenue Svc.*, 172 B.R. 415 (1) (S.D. Ga. 1994). Consequently, Troup County's actions in attempting to sell the property were void because the notice provisions of OCGA § 48-2-55 were not followed. "Courts . . . whenever they are satisfied that a sale made under process is infected with fraud, irregularity, or error, to the injury of either party, or that the officer selling is guilty of any wrong, irregularity or breach of duty, to the injury of the parties in interest, or either or any of them, the sale will be set aside. . . ." *Wachovia Mtg. Co. v. DeKalb County*, 241 Ga. 416 (1) (246 SE2d 183) (1978). Thus, the trial court erred when it ruled that McKeen's purchase of the property was not void because the statutory requirements for providing notice of the sale under OCGA § 48-2-55 were not met since they were undertaken during a bankruptcy stay.

Troup County argues that the statute of limitation provided for by 11 USC § 549 precludes the bringing of such an action. This argument has no merit because the statute of limitation does not apply to actions brought to challenge a violation of a stay. *Anderson v. Briglevich*, 147 B.R. 1015, 1019-1020 (N.D. Ga. 1992). Troup County

---

[1] While this Court is not bound by decisions of the Eleventh Circuit construing federal law, they are persuasive. *Porter v. Food Giant*, 198 Ga. App. 736, 738, n. 2 (402 SE2d 766) (1991).

further argues that NationsBank has no standing to bring suit challenging the violation of a stay. However, case law and federal statutes reflect otherwise. See 28 USC § 1334; *In re Mann*, 88 B.R. 427, 429-430 (S.D. Fla. 1988). Finally, Troup County argues that *Farris v. Nationsbanc Mtg. Corp.*, 268 Ga. 769 (493 SE2d 143) (1997), warrants a ruling against NationsBank because it stands for the proposition that a bona fide purchaser for value is protected against outstanding interests to the property where the purchaser had no notice of the interests. However, in that case, the outcome hinged on the fact the bankruptcy court had declared that the stay itself was void ab initio, which did not occur in the instant case. An automatic stay is effective whether or not a party has actual notice of a bankruptcy case. *Mitchell Constr. Co. v. Smith*, 180 B.R. 311, 319, n. 17 (N.D. Ga. 1995). Accordingly, we reverse the trial court's ruling against NationsBank.

### Case No. S01A0085

We do not address the argument addressed in the main appeal because it is moot due to our ruling in the cross-appeal and is therefore dismissed. See *Freeman v. Eastern Sav. Bank*, 271 Ga. 439 (2) (520 SE2d 902) (1999).

*Judgment reversed in Case No. S01X0091. Appeal dismissed in Case No. S01A0085. All the Justices concur.*

DECIDED JULY 2, 2001.

### Case No. S01A0085

*Hoke J. Thomas, Jr.*, for appellant.

*Willis, McKenzie & Long, Dewey R. McKenzie, Jr., Matthew C. Alford, Butler, Wooten, Scherffius, Fryhofer, Daugherty & Sullivan, Jeffrey R. Harris, Key, McCain & Gordy, Scott A. Gordy*, for appellees.

### Case No. S01X0091

*Butler, Wooten, Scherffius, Fryhofer, Daugherty & Sullivan, Jeffrey R. Harris*, for appellant.

*Willis, McKenzie & Long, Dewie R. McKenzie, Jr., Matthew C. Alford, Hoke J. Thomas, Jr., Key, McCain & Gordy, Scott A. Gordy*, for appellees.