## A01A1689. WEST et al. v. MEN'S FOCUS HEALTH CENTERS OF GEORGIA, INC. et al.
### (553 SE2d 379)

PHIPPS, Judge.

Henry West and his wife appeal an order of the State Court of Fulton County dismissing their renewal action against Men's Focus Health Centers of Georgia, Inc. (Men's Focus). The state court dismissed the renewal action on grounds that the original action was filed in violation of an automatic federal bankruptcy stay provided by 11 USC § 362 and was, therefore, void. We conclude that the original action was not void. Consequently, we reverse.

West sought treatment for "erectile concerns" at the Center for Men's Health, Inc. (now Men's Focus). He was treated by medical personnel acting under the direction or control of Dr. William Harper. Within the two-year statute of limitation applicable to medical malpractice actions, West and his wife sued Men's Focus and Harper alleging that their medical malpractice caused West to become totally impotent. Unbeknownst to the Wests, Men's Focus was then involved in a federal bankruptcy action. After being alerted to the pendency of the bankruptcy proceeding, the Wests moved for relief from the bankruptcy's automatic stay to prosecute their medical malpractice action against Men's Focus to the extent of available liability insurance. Although the bankruptcy court granted the motion, the Wests later dismissed the action without prejudice after expiration of the statute of limitation.

Several days after the dismissal, the Wests filed the present complaint seeking to renew their earlier action. OCGA § 9-2-61 (a) generally allows the renewal of an action by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." The privilege of dismissal and renewal does not, however, apply to void cases, although renewal of actions which were merely voidable is allowed.[1] Because *Jennings Enterprises v. Carte*[2] held that actions filed in violation of a federal bankruptcy stay are considered void ab initio in Georgia, the trial court granted Men's Focus's motion to dismiss.

But, as recently recognized by the Supreme Court of Georgia in *McKeen v. Fed. Deposit Ins. Corp.*,[3] the rule that actions in violation of a stay are void ab initio is not absolute. Rather, it is a general rule

---

[1] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[2] 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997).

[3] 274 Ga. 46 (549 SE2d 104) (2001).

subject to an exception set forth in *In re Albany Partners, Ltd.*[4] In *Albany Partners,* the federal court held,

> It is true that actions taken in violation of the automatic stay are generally deemed void and without effect. [Cits.] Nonetheless, § 362 (d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of "annulling" the automatic stay, in addition to merely "terminating" it. . . . As is stated in 2 Collier's Bankruptcy Manual para. 362.06 (3d Ed. 1983): . . . "The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. . . ."[5]

As we interpret the order granting the Wests' motion for relief from the automatic bankruptcy stay in this case, the federal court annulled the stay so as to validate the medical malpractice action previously filed by the Wests. The State Court of Fulton County therefore erred in granting Men's Focus's motion to dismiss the renewal action.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 3, 2001 —
RECONSIDERATION DENIED AUGUST 15, 2001 — 

*McGuire & Crohan, James D. McGuire, Richard B. Crohan,* for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., Gregory S. Ellington, Willis, McKenzie & Long, Edward L. Long, Jr.,* for appellees.

