A08A1679. BBC LAND AND DEVELOPMENT, INC. et al. v. BANK OF NORTH GEORGIA.
(670 SE2d 210)

ANDREWS, Judge.

After BBC Land and Development, Inc. and its loan guarantors[1] ("Appellants") defaulted on loan obligations owed to the Bank of North Georgia, the Bank conducted a nonjudicial foreclosure sale of real property securing the loans, and obtained an order from the Henry County Superior Court pursuant to OCGA § 44-14-161 confirming that the sale was lawfully conducted and that the property sold for at least its fair market value. BBC and the guarantors appeal from the confirmation order, and for the following reasons, we affirm.

1. Two weeks before the Bank filed the application in Henry County Superior Court for confirmation of the foreclosure sale, the

---

[1] The loans to BBC were personally guaranteed by William W. Bishop, Cynthia Smith, and William C. Lemmons, deceased (the latter represented by Cherilynn Lemmons, as executrix of the estate of William C. Lemmons).

Appellants filed a civil action in Fulton County Superior Court seeking damages for the Bank's alleged wrongful foreclosure on the real property. The Appellants claim that the Henry County Superior Court erred by denying their motion pursuant to OCGA §§ 9-2-5 (a) and 9-2-44 (a) seeking dismissal of the Bank's application for a confirmation order on the basis that the wrongful foreclosure action was a prior pending action involving the same cause of action between the same parties. Under OCGA §§ 9-2-5 (a) and 9-2-44 (a), when two civil actions involving the same cause of action and the same parties are filed at different times, and both remain pending, the later-filed action is abated and must be dismissed. *Sadi Holdings, LLC v. Lib Properties, Ltd.*, 293 Ga. App. 23, 24 (1) (666 SE2d 446) (2008). Although the Bank's application for a confirmation order pursuant to OCGA § 44-14-161 was filed after the wrongful foreclosure action, and both matters involved the same parties, the application was not subject to abatement and dismissal because it did not involve the same cause of action as the wrongful foreclosure.

An application for confirmation pursuant to OCGA § 44-14-161 is a special statutory proceeding and not a complaint which initiates a civil action or suit in the ordinary meaning of those terms. *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296, 297 (430 SE2d 732) (1993). The statutory proceeding required that, before the Bank was entitled to file an action to obtain a deficiency judgment against the debtors, it must report the foreclosure sale and seek confirmation of the sale in the Henry County Superior Court (where the foreclosed land was located) by showing that the sale was lawfully conducted and brought at least the fair market value of the land on the date of the sale. *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004); *Atlanta Empowerment Zone Corp. v. Light Energy Mgmt.*, 269 Ga. App. 728, 729 (605 SE2d 124) (2004). A confirmation proceeding under OCGA § 44-14-161

> does not undertake to decide controversies between parties as to the amount of the debt, side agreements, or matters in defense of default or in denial of indebtedness, or which might have been the basis of an injunction preventing the foreclosure sale. The confirmation judgment is not a personal judgment and it does not adjudicate the title of the property sold. Except as to the confirmed amount of the sale, it does not establish the liability of any party with regards to the indebtedness.

*Dorsey v. Mancuso*, 249 Ga. App. 259, 261 (547 SE2d 787) (2001) (citations and punctuation omitted). The trial court correctly found that the prior pending wrongful foreclosure action did not require

abatement and dismissal of the Bank's application for confirmation.

2. The Appellants contend that the trial court erred by refusing to allow their expert witness to testify as to value. When the Appellants called the witness to testify, the Bank objected on the basis that the Appellants had failed to respond to any of the Bank's interrogatories requesting that the Appellants identify any expert witness they intended to call and give a description of the witness' testimony. The trial court excluded the testimony on the basis that the Appellants failed to respond to the interrogatories.

We need not address the substance of this claim because the Appellants made no offer of proof as to what they expected the witness to say. In fact, counsel for the Appellants stated to the judge that he had "no idea" what testimony the witness might give. "The general rule is that in order to obtain review of a ruling excluding evidence, it must be shown what answer would be expected of the witness." *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (10) (269 SE2d 426) (1980). Even assuming exclusion of testimony from the witness for the stated reason was error, without any offer of proof showing how the expected testimony would have been material or beneficial, there is no basis to seek reversal on appeal. *Paulk v. Thomas*, 115 Ga. App. 436, 443 (154 SE2d 872) (1967).

3. There is no merit to the Appellants' claim that the judge erred by refusing to grant them a jury trial. Appellants had no right to a jury trial on the Bank's application for confirmation under OCGA § 44-14-161. *Harwell v. First Fed. Sav. &c.*, 245 Ga. 757 (267 SE2d 229) (1980).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 20, 2008.

*Albert, Bailey & Wallace, Stephen B. Wallace II*, for appellants.
*Morris, Manning & Martin, John H. Williamson*, for appellee.