## A11A0323. KITCHINGS v. AMERIS BANK et al.
(711 SE2d 392)

ANDREWS, Judge.

Phyllis Anne Kitchings appeals from the trial court's order granting summary judgment to Ameris Bank and Patch Nursery and Landscaping Company on Kitchings's claim to cancel deeds executed by her mother before her death to the bank and the nursery. Because the trial court correctly held that the bank and the nursery were entitled to claim the defense of bona fide purchasers for value, we affirm.

The undisputed facts in this case are as follows. Kitchings is the daughter of Thomas Cannon, Sr., whose will was probated on April 25, 1998. Cannon, Sr.'s will created two trusts for the support of his wife Christine Cannon during her lifetime. Upon her death, any property remaining reverted to a remainder trust to be distributed

---

among their children: Thomas R. Cannon, Jr., Ralph James Cannon, and Kitchings. Christine Cannon and Thomas Cannon, Jr., were appointed co-trustees under the will.

On January 9, 2002, Christine Cannon and Cannon, Jr., transferred all of the real property in the trust to Christine Cannon. In May 2005, Christine Cannon began selling or mortgaging the real property. Christine Cannon died on August 19, 2008. Under Christine Cannon's will, the bulk of her estate went to son Thomas Cannon, Jr. According to Kitchings, she and her brother Ralph received no interest in the property that was originally part of the remainder trust.

Kitchings first sued Thomas Cannon, Jr., and the estate of Christine Riley Cannon, seeking an accounting and alleging breach of fiduciary duty, breach of trust agreement, fraud, and cancellation of deed. Kitchings later amended her complaint to include claims against the buyers of the different tracts of property and also against the banks who lent money on certain properties, seeking to cancel the deeds to property sold or mortgaged by Christine Cannon.[1]

Although Kitchings sued six different entities seeking to cancel their deeds, the only two before us at this time are Ameris Bank, the holder of a security interest in one tract of land, and Patch Nursery, the buyer of one of the properties. Ameris Bank and Patch Nursery filed motions for summary judgment which the trial court granted. The trial court granted summary judgment to defendants on three separate grounds: first, it held that Patch Nursery was a bona fide purchaser for value and Ameris Bank, as grantee of a security deed in good faith, was entitled to the same protection; second, that Kitchings's complaint was barred by laches; and third, that Ameris Bank and Patch Nursery had acquired prescriptive title to the properties.

> In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006). Under OCGA § 9-11-56 (e), when a party moves for summary judgment and supports his or her motion by submitting affidavits, depositions, or answers to interrogatories, the nonmoving party may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her]

---

[1] Those are the only claims before us in this appeal.

response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he [or she] does not so respond, summary judgment, if appropriate, shall be entered against him [or her].

(Punctuation omitted.) *Gallagher v. Buckhead Community Bank*, 299 Ga. App. 622 (683 SE2d 50) (2009).

1. Kitchings first argues that the trial court erred in holding that Patch Nursery and Ameris Bank were bona fide purchasers for value. Kitchings contends that the co-trustees' distribution of all the property in a single transfer to Christine Cannon was sufficient to put a reasonably prudent title examiner on notice that the transfer was a mismanagement of the assets of the trusts, a breach of the trust agreement and a breach of the co-trustees' fiduciary duty to the remainder beneficiaries.

As a general rule, a bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice. *Farris v. Nationsbanc Mtg. Corp.*, 268 Ga. 769, [771] (2) (493 SE2d 143) (1997); OCGA §§ 23-1-19, 23-1-20. We have long held that a grantee in a security deed who acts in good faith stands in the attitude of a bona fide purchaser, and is entitled to the same protection.

(Punctuation omitted.) *Brock v. Yale Mtg. Corp.*, 287 Ga. 849, 852 (1) (700 SE2d 583) (2010).

To qualify as a bona fide purchaser for value without notice, a party must have neither actual nor constructive notice of the matter at issue. Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. *Whiten v. Murray*, 267 Ga. App. 417, 421 (2) (599 SE2d 346) (2004). A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title. *VATACS Group v. HomeSide Lending*, 276 Ga. App. 386, 391 (2) (623 SE2d 534) (2005). Furthermore, the grantee of a security interest in land and subsequent purchasers are entitled to rely upon a warranty deed that is regular on its face and duly recorded in ascertaining the chain of title.

*Deutsche Bank Nat. Trust Co. v. JP Morgan Chase Bank*, 307 Ga. App. 307, 309 (704 SE2d 823) (2010).

Here, Thomas Cannon, Sr.'s will granted to the trustees the power "[t]o sell, exchange, partition or otherwise dispose of any property at any time held or acquired under this will . . . for such purposes as my personal representatives may deem best. . . ." The will further provided:

My primary desire is that my spouse be supported in a reasonably comfortable manner throughout life *rather than the preservation of principal until the termination of this trust*, and I wish my Co-Trustees to be guided by this consideration in determining the amount to be used for the support of my spouse. . . .

(Emphasis supplied.)

The title search shows that the property was transferred to Christine Cannon through a Trustees Deed of Distribution, from the remainder trust to the primary beneficiary of the trust. The wording of the trusts at issue, as set out previously, allows the trustees to sell or dispose of any property, at any time, for reasons they may deem best, for the benefit of Christine Cannon.

"A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title. Conversely, a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title." *Gallagher*, supra at 625 (1). Here, there is nothing in the chain of title or the trust instruments that would put either the bank or Patch Nursery on notice that there were any issues affecting title to the properties. The provisions of Cannon, Sr.'s will gave broad discretion to the trustees. Thus, there was nothing in the documents themselves sufficient "to excite attention and put a party on inquiry." See *Whiten*, supra at 421. See also *Beecher v. Carter*, 189 Ga. 234 (5 SE2d 648) (1939) ("Where a purchaser of land from one in possession, who holds a deed thereto [that] is absolute on its face, has paid the purchase-price and taken possession, parties claiming an equity therein of which the purchaser had no notice are not entitled to have purchaser's deed canceled.").

Accordingly, there was no error in the trial court's grant of summary judgment to Ameris Bank and Patch Nursery on the grounds that they were entitled to the protection of bona fide purchaser for value on Kitchings's claim to cancel their deeds.

2. In light of our holding in Division 1, we need not address Kitchings's remaining enumerations of error.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JUNE 8, 2011.

*Howell & Parrott, Robert D. Howell, Kathryn C. Dove*, for appellant.

*Mills & Larkey, Ben B. Mills, Jr., Fallin & McIntosh, William G. Fallin, Kirbo & Kirbo, Clifford M. Kirbo, Helen V. Kirbo, Powell & Erwin, William A. Erwin, Moore, Clarke, DuVall & Rodgers, David B. Folsom, W. Edward Meeks, Jr., Robert B. Langstaff, Jr., James C. Jones III, Kenneth E. Futch, Jr.*, for appellees.