## A11A1178. ODION v. VARON et al.
### (718 SE2d 23)

MIKELL, Judge.

This is one of multiple actions filed by Gege Odion claiming that Sabi Varon ("Sabi") and entities controlled by him, Highland Financial Capital Group, LLC ("Highland") and Candler Point, LLC ("CPL"), usurped Odion's business opportunity to purchase property known as 2855 Candler Road, Decatur (the "2855 Property") and purchased the property themselves.[1] At issue in this appeal is the pro se action filed by Odion on May 13, 2010, and amended on July 6, 2010. Count 1 of the amended complaint alleges that Sabi, Highland, and CPL violated the Brokerage Relationships in Real Estate Transactions Act (BRRETA);[2] Count 2 asserts civil Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act violations;[3] Count 3 alleges breach of trust; and Count 4 seeks an accounting. Odion's amended complaint purported to add numerous defendants without obtaining leave of court,[4] and Counts 2-4 were brought against all defendants. The trial court dismissed all claims against all defendants, and Odion appeals, contending that the court committed a variety of errors. We affirm.

1. The trial court dismissed all counts against CPL on the ground that they were filed in violation of an automatic bankruptcy stay provided by 11 USC § 362. Odion enumerates this ruling as error in his first enumeration. Applying the de novo standard of review,[5] we affirm.

The record shows that when the original complaint was filed on May 13, 2010, CPL was a debtor in bankruptcy, having filed a Chapter 11 petition on January 5, 2010. In general, actions filed in violation of a federal bankruptcy stay are considered void ab initio in

---

[1] We have considered the appellees' motion to dismiss this appeal because of the late filing of Odion's brief, and it is hereby denied.

[2] OCGA § 10-6A-1 et seq.

[3] OCGA § 16-14-1 et seq.

[4] The additional parties named in the amended complaint are: Candler Medical Center, LLC; Gil Chaim Varon, Highshore Medical Center, LLC, Law Office of Gil Varon, LLC, and Gil Varon, LLC (collectively, "the Gil Varon defendants"); T. Matthew Mashburn, Stites & Harbison, PLC ("the Stites defendants"); Clay Weibel, Weibel & Associates, Inc. ("the Weibel defendants"); Branch Banking and Trust Company ("BB&T") and its loan officer, Sharon Silvermintz; Christopher English; and Consulting Enterprises Corporation ("CEC").

[5] *Nat. Bldg. Maintenance Specialists v. Hayes*, 288 Ga. App. 25 (653 SE2d 772) (2007).

Georgia.[6] Odion argues that because CPL's bankruptcy petition was dismissed on June 28, 2010, and CPL had not yet been served with process, there was no pending action against it at the time the automatic stay was in effect, so the trial court erred in ruling that the complaint as to CPL was void. This argument fails. Although an action is not a "pending" suit until after service of process is perfected, once service is accomplished, it relates back to the date of filing, and the date of filing establishes the date the action is commenced.[7] Thus, the action against CPL was commenced on May 13, 2010, and the automatic stay was in effect at that time,[8] rendering the claims against CPL void ab initio.

Odion further contends that the automatic stay does not bar his claims against CPL because CPL did not list him as a creditor and because he did not otherwise have notice of the bankruptcy petition. These arguments fail as well, because the automatic stay is effective whether or not a party has actual notice of a bankruptcy case.[9] Odion has not cited any exception applicable hereto.[10] Accordingly, the trial court did not err in dismissing the claims against CPL.

2. Odion's second enumeration is that the trial court erred in dismissing the claims against Sabi, Highland and BB&T pursuant to the "prior action pending doctrine," OCGA § 9-2-5 (a). Again, we disagree.

OCGA § 9-2-5 (a) provides:

> No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

OCGA § 9-2-44 (a), in turn, provides in relevant part that "the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall

---

[6] *McKeen v. Fed. Deposit Ins. Corp.*, 274 Ga. 46, 48 (549 SE2d 104) (2001); *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 540 (1) (481 SE2d 541) (1997).

[7] *Franek v. Ray*, 239 Ga. 282, 285-286 (236 SE2d 629) (1977); accord *Jenkins v. Crea*, 289 Ga. App. 174, 175 (656 SE2d 849) (2008); OCGA § 9-11-3 (a): "A civil action is commenced by filing a complaint with the court."

[8] See 11 USC § 362 (a) (1), precluding "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor."

[9] *McKeen*, supra at 49.

[10] Cf. *West v. Men's Focus Health Centers of Ga.*, 251 Ga. App. 202, 203 (553 SE2d 379) (2001).

be a good cause of abatement." These Code sections have been construed together to mean that when two civil actions involving the same cause of action and the same parties remain pending but are filed at different times, the later-filed action is abated and must be dismissed.[11] That is precisely what occurred in the case at bar.

The complaint at issue was filed in DeKalb County Superior Court. Odion previously filed a similar action in the same court that was transferred to Fulton County Superior Court in July 2008, which action was consolidated with yet another case filed by Odion in Fulton County against Sabi and Highland. Odion filed a fourth amended complaint in the consolidated case on April 30, 2010, two weeks before filing the instant action. In the fourth amended complaint,[12] Odion alleges claims of breach of fiduciary duty, breach of contract by improperly using confidential information, broker malpractice, fraud, and conspiracy. These claims are similar to the BRRETA, RICO, and breach of trust claims in the instant complaint, all of which arise out of the same transaction; namely, the sale of the 2855 Property to Highshore and Candler Medical Center. Moreover, the same facts are pled in the two actions. Dismissal of Sabi, Highland, and BB&T from the current action was thus mandatory and was consistent with "the purpose of the prior action pending doctrine[, which] is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings."[13]

3. Odion asserts in his third enumeration that the trial court erred in dismissing the Gil Varon defendants, the Stites defendants, the Weibel defendants, English, CEC, and Silvermintz (hereinafter, the "remaining defendants") on the ground that Odion failed to seek leave of court before adding them to his amended complaint. There was no error. OCGA § 9-11-15 (a) allows a party to amend his pleading as a matter of right at any time before the entry of a pretrial order. However, OCGA § 9-11-21 allows the addition of parties only by order of the court upon motion filed by a party.[14] Thus, "[i]n order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court *must* first be sought and obtained pursuant to OCGA § 9-11-21."[15] Since no such motion or

[11] *Sadi Holdings, LLC v. Lib Properties, Ltd.*, 293 Ga. App. 23, 24 (1) (666 SE2d 446) (2008). Accord *BBC Land & Dev. v. Bank of North Ga.*, 294 Ga. App. 759, 760 (1) (670 SE2d 210) (2008).

[12] This complaint reflects BB&T as a defendant.

[13] (Footnote omitted.) *Jenkins*, supra at 176. Compare *Cheely v. State of Ga.*, 251 Ga. 685, 687 (3) (309 SE2d 128) (1983) (abatement not warranted where two bond validation proceedings did not arise out of the same transaction).

[14] *Riding v. Ellis*, 297 Ga. App. 740, 742-743 (1) (678 SE2d 178) (2009).

[15] (Footnote omitted; emphasis in original.) *Valdosta Hotel Properties v. White*, 278 Ga.

leave of court was granted in this case, the trial court properly dismissed these defendants.[16]

4. Odion's fourth enumeration is that the trial court erred in dismissing the counts of his amended complaint against the remaining defendants for failure to state a claim upon which relief can be granted pursuant to OCGA § 9-11-12 (b) (6).

Since, however, as held in Division 3, these defendants and the claims against them were not properly before the court, this issue has been rendered moot.

5. In his fifth and eleventh enumerated errors, Odion argues that the trial court erred in granting CEC's motion to dismiss or, alternatively, for summary judgment. We disagree.

The trial court granted CEC's motion due to Odion's failure to attach an expert affidavit to his complaint. OCGA § 9-11-9.1 (a) provides:

> In any action for damages alleging professional malpractice against: (1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section; . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Professional engineers are listed under subsection (g).[17] "An action alleges professional malpractice when it calls into question the conduct of a professional in his area of expertise."[18]

CEC's motion filed in the trial court was a motion to dismiss or, alternatively, for summary judgment. An affidavit was attached to the motion, and it is apparent from the record that the trial court considered the affidavit in ruling on the motion. Because evidence outside the pleadings was considered, the motion was "required to be treated as one for summary judgment (OCGA § 9-11-12 (b))."[19]

Upon motion for summary judgment, it is the movant's burden to show that no jury question remains and that the movant is entitled to

---

App. 206, 209 (1) (628 SE2d 642) (2006).

[16] *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976); *Slater v. Brigadier Homes*, 198 Ga. App. 67-68 (400 SE2d 338) (1990).

[17] OCGA § 9-11-9.1 (g) (21).

[18] (Citation, punctuation and footnote omitted.) *Goodin v. Gwinnett Health System*, 273 Ga. App. 461, 462 (2) (615 SE2d 129) (2005).

[19] (Citation, punctuation and footnote omitted.) *Alexander v. Hulsey Environmental Svcs.*, 306 Ga. App. 459, 460 (1) (702 SE2d 435) (2010).

judgment as a matter of law.[20] The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence in support of the nonmovant's case. After the movant discharges this burden, the nonmovant cannot rest on the pleadings, but instead must come forward with evidence giving rise to a triable issue.[21]

Because the unrebutted evidence showed that Odion's claims sounded in professional negligence rather than ordinary negligence, and Odion failed to file contemporaneously with his complaint the expert affidavit required by OCGA § 9-11-9.1 (a), there was no error in the trial court's grant of CEC's motion.[22]

6. Odion's sixth enumeration, that the trial court erred in not entering default judgment against Christopher English, is also without merit because English was never added as a party to the action, and, therefore, no judgment could be entered against him.

7. The ground argued in Odion's seventh enumeration is rendered moot by our previous rulings.

8. We have considered Odion's eighth, ninth, and tenth enumerations dealing with alleged procedural irregularities in the court's conduct of the hearing on the motions below, and we find them without merit.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED SEPTEMBER 29, 2011 —
RECONSIDERATION DENIED OCTOBER 27, 2011 — 

Gege Odion, *pro se.*
*Beloin, Brown, Blum & Wise, James P. Blum, Jr., Parker, Hudson, Rainer & Dobbs, Nancy H. Baughan, Andrea P. Block, Wasson, Sours & Harris, W. Hensell Harris, Jr., Kristen M. Rectenwald, Stites & Harbison, Robert D. Douglass, Wilson, Morton & Downs, Keri P. Ware,* for appellees.

---

[20] OCGA § 9-11-56 (c).
[21] OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[22] *Wellstar Health System v. Painter*, 288 Ga. App. 659, 663 (655 SE2d 251) (2007).