A06A1316. GREER v. THE PROVIDENT BANK, INC.
(639 SE2d 377)

BERNES, Judge.

M. G. Greer, as trustee for the Watkins Drive Trust, purchased certain Cherokee County real property (the "Property") at a nonjudicial foreclosure sale. The Provident Bank, Inc. subsequently sued the Trust seeking a declaration that Provident held a first priority lien against the Property. Following our grant of its application for interlocutory appeal, the Trust appeals the trial court's order denying its motion for summary judgment. We affirm for the reasons set forth below.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "In reviewing the grant or denial of summary judgment,

we apply a de novo standard of review." (Citation omitted.) *Dept. of Transp. v. Cox*, 246 Ga. App. 221, 222 (540 SE2d 218) (2000).

The evidence shows that four security deeds were executed with respect to the Property, which had a fair market value of over $400,000:

> (1) *The EquiCredit lien.* On January 30, 2001, Norman and Genie Johansen executed a deed to secure a $322,500 note to EquiCredit.
>
> (2) *The Oakmont lien.* On May 30, 2002, Norman Johansen executed a deed to secure a $45,000 note to Oakmont Mortgage Company, Inc.
>
> (3) *The Alfa lien.* On July 10, 2002, the Johansens executed a deed to secure a $35,950 note to Alfa Management Group, LLC.
>
> (4) *The Provident lien.* On August 26, 2002, Norman Johansen executed a deed to secure a $403,750 note to Provident.

The proceeds of the note secured by the Provident lien were used in part to satisfy the EquiCredit lien and the Oakmont lien. Provident's vice-president averred that Provident and the Property owner, Norman Johansen, intended for Provident to hold the first priority lien against the Property based on its satisfaction of the EquiCredit and the Oakmont liens. Although the Alfa lien had previously been filed with the clerk on July 25, 2002, it was not indexed in the county real property records until October 7, 2002. Thus, Provident's review of the real property records did not disclose the existence of the Alfa lien before its filing of the Provident lien with the clerk on September 10, 2002.

The Johansens defaulted on the note secured by the Alfa lien. Alfa exercised the power of sale contained in its lien and transferred title of the Property to the Trust as the highest bidder at a public sale under a "Deed After Foreclosure Under Power of Sale" dated January 7, 2003. The trust paid $42,500 for the Property. After Johansen defaulted on the note secured by the Provident lien, Provident searched the county real property records and discovered the deed after foreclosure in favor of the Trust.

Provident subsequently brought this action against the Trust seeking an injunction against the sale of the Property and a declaration that the Provident lien was superior to the Trust's interest and in an amount equal to the amounts advanced by Provident for purposes of satisfying the EquiCredit and the Oakmont liens. At issue is whether Provident may be equitably subrogated to the lien rights of EquiCredit and Oakmont. If equitable subrogation is not available, then the Trust is entitled to summary judgment because

the Provident lien was filed after the Alfa lien. See *Massey Assoc. v. Whitehorse Inns of Ga.*, 265 Ga. 320, 321 (454 SE2d 513) (1995) ("[T]he purchaser at a sale under a power of sale in a deed to secure debt takes the grantee's title divested of all incumbrances made since the creation of the power.") (citation and punctuation omitted).

The principle of equitable subrogation has long been recognized in this State. See *Merchants & Mechanics Bank v. Tillman*, 106 Ga. 55 (31 SE 794) (1898). In substance, the principle provides that in certain circumstances, a lender who pays off the lien of a senior creditor may step into the shoes of the senior creditor as to the priority of the senior creditor's lien. As explained at length by our Supreme Court in *Davis v. Johnson*, 241 Ga. 436, 438 (246 SE2d 297) (1978):

> Where one advances money to pay off an encumbrance on realty either at the instance of the owner of the property or the holder of the encumbrance, either upon the express understanding or under circumstances under which an understanding will be implied that the advance made is to be secured by the senior lien on the property, in the event the new security is for any reason not a first lien on the property, the holder of the security, if not chargeable with culpable or inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equity of others would be prejudiced thereby; knowledge of the existence of an intervening encumbrance will not alone prevent the person advancing the money to pay off the senior encumbrance from claiming the right of subrogation where the exercise of such right will not in any substantial way prejudice the rights of the intervening encumbrancer. . . .

(Citations and footnote omitted.) The principle of subrogation is applied for the purpose of "doing of complete, essential, and perfect justice between all the parties, without regard to form, and its object is the prevention of injustice. The courts incline rather to extend than restrict the principle." (Citation and punctuation omitted.) Id. at 439.

The undisputed facts in this case do not show that the Trust is entitled to prevail as a matter of law on Provident's equitable subrogation claim. Evidence supports Provident's claim that it advanced monies for the purpose of paying off the EquiCredit lien and the Oakmont lien with the understanding that the Provident lien would become the first priority lien against the Property. Evidence also demonstrates that Provident had constructive notice, but not actual notice, of the prior filed Alfa lien. See *Leeds Bldg. Products v. Sears Mtg. Corp.*, 267 Ga. 300 (477 SE2d 565) (1996) (filed security

deed with no facial defects provided constructive notice to subsequent bona fide purchasers); *Davis*, 241 Ga. at 438, n. 1 (actual knowledge, as opposed to constructive knowledge, indicates an intent to give priority to an intervening lien); *McCollum v. Lark*, 187 Ga. 292, 304 (200 SE 276) (1938) (lender may be subrogated to senior lien it discharges notwithstanding constructive notice of intervening lien when to do so would not prejudice rights of intervening lienholder). Thus, if Provident can show that it was not guilty of culpable or inexcusable neglect, that the superior or equal equity of others would not be prejudiced, and that exercise of the right of subrogation will not in any substantial way prejudice the Trust's rights, then the Provident lien may be subrogated to the rights of the EquiCredit and Oakmont liens.

The Trust argues that equitable subrogation cannot be applied to the detriment of a purchaser at a nonjudicial foreclosure sale. However, Provident does not seek to set aside the deed after foreclosure. Rather, it seeks to succeed to the priority of the EquiCredit and Oakmont liens, so that the Trust holds title to the Property subject to Provident's lien. "[U]nder our recording statutes, if the lien is properly recorded so as to give constructive notice of its existence to all would-be transferees, then the transferee has notice of the lien, and the transferred property in his possession is subject to the lien." *Kilgore v. Buice*, 229 Ga. 445, 448 (192 SE2d 256) (1972). Accordingly, we conclude that the manner in which the Trust took title to the Property does not preclude the availability of subrogation.

The Trust further contends that it stands in the position of a bona fide purchaser for value, and should be protected for that reason. "A grantee in a security deed who acts in good faith stands in the attitude of a bona fide purchaser, and is entitled to the same protection." (Citation and punctuation omitted.) *Bonner v. Norwest Bank Minnesota*, 275 Ga. 620, 621 (1) (571 SE2d 387) (2002). However, the evidence in this case shows that the Property was advertised for sale subject to the EquiCredit lien and "any other open indebtedness on any prior [liens] of record." At the time of the foreclosure sale, the EquiCredit lien and the Oakmont lien were of record and had not been cancelled. Thus, the Trust took the property with notice of the prior liens to which Provident seeks to be subrogated. See *In re Sharma*, 2005 Bankr. LEXIS 3036, *16-17 (N.D. Ga. 2005) (because defendant was equitably subrogated to the rights of prior lenders, a bona fide purchaser could not get ahead of defendant's priority since the existence of the liens paid off by the defendant would have been revealed by a record search) (applying Georgia law).

The Trust also argues that it is entitled to prevail because the Alfa lien appeared to be senior in priority when it purchased the Property. "The senior secured party is estopped from being reinstated

to its senior status where the intervening lienholder has taken or purchased the lien in reliance upon his apparent status as senior lienor." *Davis*, 241 Ga. at 440. However, based on the county real property records, the Alfa lien appeared to be a third priority lien at the time of the sale to the Trust because the EquiCredit and Oakmont liens remained of record. While the Trust determined that both the Equicredit and Oakmont liens had been satisfied, it did not determine the circumstances under which the liens had been paid. The Trust was aware that another lender may have satisfied the EquiCredit and Oakmont liens, and also knew that it was unusual for a lender not to have satisfied the third position Alfa lien. Further, at the time of the sale to the Trust, the Provident lien had been filed with the clerk and indexed in the deed records.

Viewing the evidence most favorably to Provident, as the non-movant, it appears that the Trust was on notice of the facts underlying Provident's equitable subrogation claim and could not reasonably expect that its purchase of the Property would be free of prior encumbrances. Accordingly, we cannot say that as a matter of law the Trust would be substantially prejudiced if Provident was subrogated to the position of the first priority lienholder. See *Flournoy Plumbing Co. v. Home Owners Loan Corp.*, 181 Ga. 459, 461-462 (182 SE 507) (1935) (the execution creditor's rights were not impaired by the subrogation because the execution had a lower priority than the encumbrances that the lender extinguished).

We conclude, therefore, that the Trust has not established as a matter of law that the application of the principle of equitable subrogation will impair its superior or equal equity, nor that the Trust would be unduly prejudiced thereby. The Trust has similarly failed to show that as a matter of law Provident was culpably and inexcusably negligent. It follows that the trial court did not err in denying the Trust's motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 28, 2006.

*Moore, Ingram, Johnson & Steele, G. Phillip Beggs*, for appellant.
*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider*, for appellee.