A08A2317. HAYES v. EMC MORTGAGE CORPORATION.
(675 SE2d 594)

SMITH, Presiding Judge.

Clarence Hayes, Jr., filed a complaint to foreclose on a judgment lien against certain property. Wells Fargo Bank, NA, predecessor in interest to EMC Mortgage Corporation (EMC), counterclaimed seeking a declaration that, under the doctrine of equitable subrogation, it held the first priority lien against the property. EMC moved to be substituted as the defendant/plaintiff-in-counterclaim, and also for summary judgment. The trial court granted the motion for summary judgment ruling that EMC's security deed was superior to Hayes's judgment lien.[1] Hayes now appeals. For the following reasons, we affirm.[2]

---

[1] In this same order, the trial court ordered that EMC be substituted for Wells Fargo Bank as EMC "is the successor-in-interest by assignment to Wells Fargo's interest in the . . . matter." Vicky Ashe, Stephen Ashe, and Annie Shippman were defendants below but did not move for summary judgment, and as the trial court noted "made no response or objection to the [summary judgment] motions and did not appear at the hearing."

[2] This appeal was originally filed in the Supreme Court of Georgia. The Supreme Court

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Webster v. Dodson*, 240 Ga. App. 4, 5 (522 SE2d 487) (1999).

The record reveals that on September 24, 2004, Rochelle Sabir conveyed to David Elmore, by general warranty deed, the property located at 1052 Erie Circle, Stone Mountain, Georgia, 30087. A security deed recorded in the DeKalb County Superior Court reveals that Elmore purchased the property with a loan from Resource Bank in the amount of $145,350. This security deed was recorded on October 4, 2004. On April 21, 2005, Hayes obtained a default judgment against Elmore and Sunrise Properties, Inc. in the amount of $872,720.80. Hayes filed the writ of fieri facias ("fi. fa.") in DeKalb County on July 14, 2005, but the clerk of court mis-indexed the lien. The clerk filed Hayes's fi. fa. under "David Elmore and Sunrise Properties, Inc." rather than "Elmore, David" and "Sunrise Properties, Inc."

On July 19, 2005, Elmore conveyed the Erie Circle property by quitclaim deed to Home Inventions, LLC ("Home Inventions"). On November 7, 2005, in preparation of extending a loan for the purchase of the property, Wells Fargo performed a title examination. The examination revealed that record title vested in Home Inventions, subject to the Resource Bank security deed. The title examiner did not locate Hayes's judgment lien because of the clerk's indexing error, which was not corrected until November 9, 2005, two days after the title search.

On December 9, 2005, Wells Fargo updated the title search but did not discover the judgment lien because the examiner only searched for new liens filed against Home Inventions. Home Inventions conveyed the property to Stephen Ashe, Vicki Ashe, and Annie Shippman (collectively "the borrowers"), on December 12, 2005. On that same day, the borrowers executed a security deed to Wells Fargo to secure the $153,900 loan. The funds were used to pay off the prior security deed held by Resource Bank.

On June 27, 2006, Hayes attempted to foreclose on his judgment lien against the property. Wells Fargo sought declaratory judgment that its security deed occupied the first secured lien position on the

---

transferred the case to this court, concluding that "a claim for equitable subrogation does not fall within the Court's equity jurisdiction" and the case "does not fall within the definition of title to land cases."

property. Wells Fargo subsequently moved for summary judgment. On December 15, 2006, Wells Fargo sold, assigned, and transferred to EMC all of its right, title, and interest in the security deed. The court ruled that EMC's security deed was superior to Hayes's judgment lien.

On appeal, Hayes contends that the court erred in its judgment because EMC's predecessor, Wells Fargo Bank, was guilty of culpable or inexcusable neglect in that it had actual and constructive notice of his judgment lien, and because his equitable position was equal to or superior to that of EMC.

The law here is well settled. The Georgia Supreme Court set forth the rule in *Davis v. Johnson*, 241 Ga. 436, 438 (246 SE2d 297) (1978):

> Where one advances money to pay off an encumbrance on realty either at the instance of the owner of the property or the holder of the encumbrance, either upon the express understanding or under circumstances under which an understanding will be implied that the advance made is to be secured by the senior lien on the property, in the event the new security is for any reason not a first lien on the property, the holder of the security, if not chargeable with culpable or inexcusable neglect, will be subrogated to the rights of the prior encumbrancer under the security held by him, unless the superior or equal equity of others would be prejudiced thereby. . . .

(Citations and punctuation omitted.) Id.

Here, EMC, as assignee of Wells Fargo, meets the requirement of the rule set forth in *Davis*. It paid off the lien of a senior creditor — Resource Bank — and may therefore "step into the shoes of the senior creditor as to the priority of the senior creditor's lien." *Greer v. The Provident Bank*, 282 Ga. App. 566, 568 (639 SE2d 377) (2006). And we cannot say that EMC is guilty of culpable or inexcusable neglect where it is clear that it was not aware of Hayes's judgment lien because it was incorrectly indexed. In any case,

> knowledge of the existence of an intervening encumbrance will not alone prevent the person advancing the money to pay off the senior encumbrance from claiming the right of subrogation where the exercise of such right will not in any substantial way prejudice the rights of the intervening encumbrancer.

(Citations and footnote omitted.) *Davis*, supra, 241 Ga. at 438. We

712

cannot say that EMC's exercise of the right of subrogation would prejudice Hayes's rights where as here he remains second in order of priority. Indeed "[i]t can not be said that the judgment creditor has taken the lien of his judgment in reliance upon his status as senior lienor. A judgment creditor does not stand in the position of a bona fide purchaser for value. [Cits.]" Id. at 440. Under the facts presented here, the trial court did not err in holding that EMC's security deed was superior to Hayes's judgment lien.

Hayes's remaining enumerations of error are all without merit. He argues that EMC could have and should have resorted to its policy of insurance, but Hayes has cited no authority and we have found none requiring EMC to resort to its insurance as its sole remedy. Hayes also contends that pursuant to OCGA § 44-14-320, his judgment lien is superior to EMC's security deed. This argument fails, however, because OCGA § 44-14-320 (a) only lists the liens established in Georgia and does not list them in order of priority. Finally, Hayes argues that there is insufficient evidence that the defendant paid off the loan of Resource Bank. To the contrary, EMC presented unrebutted evidence that Wells Fargo satisfied the Resource Bank loan.

Under these circumstances, the trial court did not err in granting EMC's motion for summary judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 18, 2009 — ▮▮▮▮▮▮

*Robertson, Bodoh & Nasrallah, Morgan M. Robertson*, for appellant.

*Smith, Gambrell & Russell, Edward D. Burch, Jr., Colin Rhys Patrick Delaney*, for appellee.