In re Nigel Shannon MORGAN and Pamela Heard Morgan, Debtors.

Paul A. Rogers, Chapter 7 Trustee, Plaintiff,

v.

M & I Bank FSB, Defendant.

Bankruptcy No. G09–20319–REB. Adversary No. 09–2044.

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

April 9, 2010.

C. David Butler, Shapiro, Fussell, Wedge & Martin, LLP, Paul A. Rogers, Atlanta, GA, for Plaintiff.

Edward D. Burch, Smith, Gambrell & Russell, LLP, Atlanta, GA, for Defendant.

### ORDER DENYING MOTION OF DEFENDANT M & I BANK FSB FOR SUMMARY JUDGMENT AND ORDER GRANTING CROSS–MOTION OF PLAINTIFF CHAPTER 7 TRUSTEE FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Defendant M & I Bank FSB filed on November 11, 2009 for entry of summary judgment in its favor and against Plaintiff Chapter 7 Trustee on Plaintiff's complaint as filed herein on April 17, 2009, and Plaintiff's cross-motion for summary judgment as filed on November 20, 2009. Based upon a review of the motions, statement of undisputed material facts, response thereto, and briefs as filed herein, the Court concludes that Defendant's motion should be denied and that Plaintiff–Trustee's cross-motion should be granted.

In his complaint, Plaintiff contends that the security interest of Defendant in certain real property of the above-named Debtors located in Forsyth County, Georgia should be avoided and set aside under the authority granted by 11 U.S.C. §§ 544(a)(3) and 551 inasmuch as Defendant's security deed was filed on November 27, 2007 in the real property records of Hall County, Georgia. Defendant's security deed was given in connection with a promissory note executed by Debtors in the principal amount of $136,000.00. Plaintiff asserts that Defendant does not hold a valid perfected security interest in the subject real property by reason of Defendant's failure to record its security deed in the proper county in compliance with the requirements of applicable state law. *See* O.C.G.A. §§ 44–2–1, 44–2–3, 44–14–63. Holding the power of a hypothetical bona fide purchaser, Plaintiff argues that he is therefore entitled to avoid Defendant's security interest as same was not perfected on the date of the filing of the petition herein on January 29, 2009. Further, Plaintiff claims that this transfer should be preserved for the benefit of this bankruptcy estate and that Defendant holds at most a general unsecured claim in this case.

In its motion for summary judgment, Defendant M & I Bank asserts that its interest is protected from the Trustee's strong-arm powers by the state law doctrines of inquiry notice and equitable subrogation. Defendant states that it advanced funds to Debtors as part of a refinancing transaction and that these proceeds were used to satisfy the first priority liens of First Franklin, a Division of National City Bank.[1] Defendant does not dispute that it filed its security deed in Hall County instead of Forsyth County (*see* Response to Trustee's Statement of Material Facts, ¶ 5), but challenges the Trustee's claim of avoidance on several grounds. First, Defendant contends that the cancellation documents filed by First Franklin on December 12 and 17, 2007 were deficient under the governing law of Georgia and said defects were sufficient to place a prospective purchaser on inquiry notice regarding the true state of title and the existence of Defendant's prior interest. *See* O.C.G.A. § 44–14–67(c). Performing the corresponding duty to investigate the circumstances under which the First Franklin interests were satisfied, any purchaser or other party would have learned that First Franklin was paid from proceeds of Defendant's loan to Debtors. Further, such purchaser would learn that Defendant intended same to be secured by a first priority interest in the underlying real property of Debtors located in Forsyth County even though its security deed was not actually recorded in Forsyth County. *See Greer v. The Provident Bank, Inc.,* 282 Ga.App. 566, 639 S.E.2d 377 (2006); *Davis v. Johnson,* 241 Ga. 436, 246 S.E.2d 297 (1978); *Gordon v. NovaStar Mortgage, Inc. (In re Hedrick),* 524 F.3d 1175 (11th Cir.2008). Second, Defendant argues that because its loan proceeds were in fact used in this manner, its security interest enjoys protection under the state law doctrine of equitable subrogation from any intervening interest and may not be avoided herein. *See Hayes v. EMC Mortgage Corp.,* 296 Ga.App. 709, 675 S.E.2d 594 (2009).

---

1. First Franklin held two separate security deeds from Debtors regarding the subject real property and filed two corresponding cancellation instruments. *See* Exhibit "C" attached to Trustee's Brief.

In his cross-motion, Plaintiff–Trustee contends that the cancellation instruments were effective and would not, in any event, have triggered inquiry notice on behalf of a prospective purchaser that a security deed existed and was filed of record in another county. Moreover, Plaintiff avers that equitable subrogation is not available as a remedy herein for Defendant as a refinancing lender satisfying an existing debt secured by an interest in certain property of the borrower who acted voluntarily and there being no allegations of fraud or misrepresentation. Further, he argues that this equitable doctrine does not protect an entity that fails to protect its interest by proper recordation of same in accordance with applicable law from the avoidance powers of a bankruptcy trustee.[2]

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed. R. Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v.*

*Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment under Fed.R.Civ.P. 56(c). The court cannot weigh the evidence or choose between competing inferences. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997).

Both the Plaintiff and Defendant appear to agree that the issue presented for decision herein is a question of law based on a record of undisputed facts specifically with respect to the legal effect of Defendant's security deed admittedly filed in the wrong county and whether same is subject to avoidance by the Plaintiff as a hypothetical bona fide purchaser. Defendant contends with respect to such a purchaser that inquiry notice regarding its deed would be triggered by virtue of the flawed cancellation instruments filed by First Franklin. *See* Exhibit "C" attached to Trustee's Brief. Citing O.C.G.A. § 44–14–67(c) as last amended in 1994, Defendant argues that in using this method for cancelling its security deed, First Franklin did not account for the loss of its original deeds and failed to include an explicit sworn statement to this effect in its cancellation instruments. This omission, it maintains, raises a red flag that would place any potential purchaser and/or title examiner on notice provoking further inquiry that should have led to the discovery of Defendant's security deed in connection with the refinancing and payoff of the indebtedness owed to First Franklin.[3]

---

**2.** *See In re Lawlor*, 2005 WL 4122833 (Bankr. D.Vt. Dec.15, 2005); *In re Shreves*, 272 B.R. 614 (Bankr.N.D.W.Va.2001); *In re Lewis*, 270 B.R. 215 (Bankr.W.D.Mich.2001).

**3.** This provision states in pertinent part as follows:

(c) Cancellation of a security deed, the original of which has been lost, stolen, or otherwise mislaid, may be made based upon a document executed by the owner of the security interest and who so swears in such document, which document shall be record-

Plaintiff counters that the cancellation instruments of First Franklin are valid and follow the form provided in several treatises and comply with O.C.G.A. § 44–14–4. As such, there is nothing by virtue of their recordation to place anyone on notice of their asserted pre-existing security interest on file in a county other than where the real property in question is located. In reply, Defendant states it is not contending that the cancellation instruments are not effective, but that their facial defect is sufficient to put a party on inquiry notice. In addition, Defendant criticizes the case authority cited by Plaintiff commenting that Section 44–14–4 only applies to a *borrower* with an *original* security deed, neither of which is the case based on the facts presented herein. Defendant also takes issue with the sources cited by Plaintiff as a template for cancelling such deeds because they fail to incorporate the most recent amendment to Section 44–14–67(c). To support its conclusion, Defendant adds to the language of this subsection a qualifying reference that the sworn statement relate "to the loss of the security deed." Defendant's Brief in Support, at 7. This statement is clearly missing from both First Franklin's cancellation instruments.

Reviewing Section 44–14–67(c), the Court observes that this provision includes several non-exclusive, illustrative examples accounting for the failure to present an original deed for marking. It does not, however, limit said failure to these specific circumstances nor does it require the lender to identify the reason for not presenting the original. Moreover, the statute sets forth suggested language for use in cancelling a security deed that is lost or otherwise unavailable for presentation to the clerk. While the suggested form does require a witnessed and notarized signature, it does not include a reference to the underlying reason for the unavailability of the original deed or the circumstances of its absence in connection with the failure to present same. Given the plain language of the statute, the presentation of an instrument of cancellation conforming to this form with an attested, witnessed signature in and of itself evidences a sworn statement that the original security deed to be cancelled is unavailable for marking and recording, and that the cancellation instrument is to be accepted for such purpose in its absence.

First Franklin's cancellation documents do contain a sworn statement and substantially comply with the form set forth in the statute itself. Based on its reading of O.C.G.A. § 44–14–67(b)(3), the Court concludes as a matter of law that First Franklin's documents do not contain such error or flaw to put a party on inquiry notice regarding the circumstances of the cancellation of its interests. Therefore, Plaintiff–Trustee may avoid the transfer at issue under the strong-arm powers of 11 U.S.C. § 544 and in accordance with applicable state law; to wit, Georgia law (*see* O.C.G.A. § 44–14–63(a)), which governs the recordation of deeds to secure debt. *Compare Cooper v. Mortgage Investors Corp. (In re Kline)*, 242 B.R. 306, 309–10 (Bankr.W.D.N.C.1999).

As mentioned above, Defendant also relies on equitable subrogation to defeat the use of Plaintiff–Trustee's avoidance powers herein. Under Georgia law, this equitable doctrine operates to protect a creditor who lends money that is used by the borrower to satisfy an existing debt by allowing the new creditor to assume the rights of the prior encumbrancer. *Gor-*

ed and shall be in substantially the following form. . . .

O.C.G.A. § 44–14–67(c).

*don,* 524 F.3d at 1181–82. In reviewing the cases cited by Defendant, this Court observes that several decisions uphold use of this doctrine based in part on the lack of prejudice to the intervening party. This finding results either because such party bought at a foreclosure sale when a prior interest to which the later lender was subrogated remained of record at such time, or because the party was a judgment creditor who did not rely on its senior status in connection with taking its security interest in certain real property. *See e.g. Greer,* 282 Ga.App. at 569, 639 S.E.2d at 380; *Davis,* 241 Ga. at 440, 246 S.E.2d at 300–01; *Hayes,* 296 Ga.App. at 711–12, 675 S.E.2d at 596; *see also Gordon,* 524 F.3d at 1183.

The above-mentioned circumstances are distinguishable from the situation presented herein where the Plaintiff holds the power of a bona fide purchaser for value and would be prejudiced if Defendant's interest was substituted into the prior position of First Franklin. Furthermore, First Franklin's interests were cancelled of record before the filing of this bankruptcy case and a bona fide purchaser on the petition date would not have notice of any outstanding interest on either that entity's behalf or that of Defendant.

In sum, based upon a review of the record and the argument presented in the briefs and the other materials presented, the Court concludes that Defendant M & I Bank FSB has not established an entitlement to entry of judgment in its favor as requested in its motion. The Court further concludes, however, that Plaintiff–Trustee has demonstrated entitlement to summary judgment in his favor on his complaint as a matter of law. Thus, entry of summary judgment in favor of Plaintiff–Trustee and against Defendant is appropriate, and accordingly, it is

**ORDERED** that the motion of Defendant M & I Bank FSB for entry of summary judgment in its favor on Plaintiff Chapter 7 Trustee's complaint be, and the same hereby is, **denied;** and, it is

**FURTHER ORDERED** that the cross-motion of Plaintiff Chapter 7 Trustee for entry of summary judgment on the complaint be, and the same hereby is, **granted.** It is

**FURTHER ORDERED** that the transfer of a security interest from Debtors named above to Defendant M & I Bank FSB based on a certain security deed dated November 15, 2007 and recorded with the Clerk of the Superior Court of Hall County, Georgia at Deed Book 6216, Pages 654–668 be, and the same hereby is, **avoided** pursuant to 11 U.S.C. § 544(a)(3), said transfer being improperly recorded, and this transfer is **set aside** and may be recovered by Plaintiff Chapter 7 Trustee and is **preserved** for the benefit of this bankruptcy estate pursuant to 11 U.S.C. § 551.

Judgment in favor of Plaintiff Chapter 7 Trustee and against Defendant is entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Order upon Plaintiff Chapter 7 Trustee, counsel for M & I Bank FSB, counsel for Debtors, and the United States Trustee.

**IT IS SO ORDERED.**