**In re Dwight Thomas PHILLIPS, Sr. and Marcene Yvonne Phillips, Debtors.**

**Tamara Miles Ogier, as Trustee of the Estate of Dwight Thomas Phillips, Sr. and Marcene Yvonne Phillips,**

v.

**Wells Fargo Bank, N.A., Dwight Thomas Phillips, Sr. and Marcene Yvonne Phillips.**

**Bankruptcy No. 11–58419–WLH. Adversary No. 11–5292.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 28, 2012.

William L. Rothschild, Ogier Rothschild Rosenfeld Ellis–Monro, Atlanta, GA, for Tamara Miles Ogier, as Trustee of the Estate of Dwight Thomas Phillips, Sr. and Marcene Yvonne Phillips.

Elizabeth A. George, Aldridge Connors LLP, Atlanta, GA, Milton D. Jones, Milton D. Jones, Attorney, Morrow, GA, for Wells Fargo Bank, N.A., Dwight Thomas Phillips, Sr. and Marcene Yvonne Phillips.

### ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

WENDY L. HAGENAU, Bankruptcy Judge.

This adversary proceeding is before the Court on the Trustee's Motion for Sum-

mary Judgment against the Debtors and Wells Fargo Bank, N.A. [Docket No. 7]. The Trustee's Motion seeks summary judgment on the Complaint to avoid the deed to secure debt of Wells Fargo Bank under 11 U.S.C. § 544(a)(3) and 11 U.S.C. § 547. The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (F), (K) and (O), and the Court has jurisdiction over it pursuant to 28 U.S.C. § 1334.

Wells Fargo filed responsive pleadings and affidavits challenging the Trustee's right to summary judgment. The Debtors filed an answer to the Trustee's Motion for Summary Judgment, stating they were without information sufficient to admit or deny the allegations of the Motion except that the Debtors have remained in possession of their residence.

The Court has considered the pleadings and supporting documents and briefs submitted by the parties. For the reasons stated below, the Court GRANTS the Trustee's Motion for Summary Judgment.

### FACTS

The parties agree there are no disputed facts relevant to this matter. On February 7, 2011, the Debtors obtained a loan in the amount of $187,068.00 from Wells Fargo. To secure their obligation to Wells Fargo, the Debtors executed a deed to secure debt ("Security Deed") to Wells Fargo on their property located at 45 Vinnys Terrace, Covington, Georgia. The funds advanced by Wells Fargo on February 7, 2011, were used to satisfy an existing security deed of record in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which was recorded in the real estate records of Newton County on April 4, 2008. On March 3, 2011, a cancellation of deed by MERS was record-

ed in the Newton County records. On March 20, 2011, the Debtors filed their petition under Chapter 7 of the United States Bankruptcy Code. The next day, on March 21, 2011, Wells Fargo recorded the Security Deed. The parties do not dispute that the Debtors received the money advanced by Wells Fargo and remain in possession of the property at Vinnys Terrace.

### LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265, (1986) (quoting Fed.R.Civ.P. 56(c)[1]). The party moving for summary judgment has "the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.,* 941 F.2d 1428, 1437 (11th Cir.1991) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548). When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993).

The Trustee argues the Security Deed is avoidable under 11 U.S.C. § 544(a)(3), which provides as follows:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—... (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfers to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Since the Trustee holds the rights of a bona fide purchaser as of the petition date of March 20, 2011, the Court must determine the rights of a bona fide purchaser under Georgia law.

Under Georgia law, "a bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice." *Montgomery v. Barrow,* 286 Ga. 896, 897, 692 S.E.2d 351 (2010) (citing *Farris v. Nationsbanc Mtg. Corp.,* 268 Ga. 769, 771, 493 S.E.2d 143 (1997)). As to notice, "any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed. And a younger deed, taken with such notice, acquires no preference by being recorded in due time." *Id.,* citing *Price v. Watts,* 223 Ga. 805, 806, 158 S.E.2d 406 (1967). Further, "notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards

---

**1.** Fed.R.Civ.P. 56(c) is made applicable in adversary proceedings by Fed. R. Bankr.P. 7056(c).

found that such inquiry might have led." *R.W. Holdco, Inc. v. SCI/RW Holdco, Inc.*, 250 Ga.App. 414, 415, 551 S.E.2d 825 (2001) (citing O.C.G.A. § 23–1–17). Georgia courts have described further, "[O]ne claiming title to lands is chargeable with notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree or other instrument forming an essential link in the chain of instruments through which he deraigns title, and of whatever matters he would have learned by any inquiry which the recitals of those instruments made it his duty to pursue." *Henson v. Bridges*, 218 Ga. 6, 9, 126 S.E.2d 226 (1962); *see also Virginia Highland Civic Assoc., Inc. v. Paces Properties, Inc.*, 250 Ga.App. 72, 550 S.E.2d 128 (2001) (agreement not recorded within the property's chain of title does not provide inquiry notice to bona fide purchaser).

■ Under Section 544, the Trustee is a bona fide purchaser on the petition date of March 20, 2011. On that date, anyone who checked the Debtors' title in the property would have found the Debtors' holding title to the property with no evidence of any encumbrances. The prior security deed to MERS had been cancelled on March 3, 2011, and there is nothing on the face of the cancellation which in any way suggests there is another security deed. No new security deed was recorded as of the petition date. Therefore, there is nothing that would have put the Trustee on notice to make further inquiry regarding whether any encumbrances existed on the property.

■ Wells Fargo does not argue against the Trustee's position of bona fide purchaser. Instead, Wells Fargo argues the doctrine of equitable subrogation allows it to prevail in this litigation. The effect of equitable subrogation under Georgia law on a Trustee's rights under Section 544(a)(3) was recently discussed in *Rogers v. M & I Bank FSB (In re Morgan)*, 449

B.R. 821 (Bankr.N.D.Ga.2010). The doctrine of equitable subrogation under Georgia law protects a creditor who lends money to a borrower, which is then used to satisfy an existing debt, by allowing the new creditor to assume the rights of the prior encumbrancer. *Id.* at 825, citing *Gordon v. NovaStar Mortgage, Inc. (In re Hedrick)*, 524 F.3d 1175, 1181–82 (11th Cir.2008). Wells Fargo argues it should be subrogated to the rights of MERS since it was the MERS security deed that was satisfied by Wells Fargo's loan. However, even if Wells Fargo is correct in this argument, it provides no assistance. A subrogee can have no greater rights than the party to whose rights it has been subrogated. Here, MERS cancelled the security deed on March 3, 2011, and any subrogated rights of Wells Fargo to the property were terminated at the same time.

Wells Fargo argues further that equitable subrogation will work to set aside a cancellation of a prior security deed and revive it for the benefit of the party satisfying the security deed "so long as an intervening lien holder will not be prejudiced". This quoted language from Wells Fargo's brief is the operative language. Here, a bona fide purchaser is an intervening lien holder who is and will be prejudiced by allowing a prior security deed to be revived. As Judge Brizendine pointed out in *Morgan*, the Georgia cases that allowed a prior security deed to be revived did not involve bona fide purchasers for value, but rather judgment lien creditors who were not relying on priority when recording their judgment or parties who bought the property at a foreclosure sale when the prior interest actually remained of record at the time. Here, we have a bona fide purchaser for value, with all prior interests having been cancelled. There is no doubt the Trustee would be prejudiced if Wells Fargo's Security Deed was substituted to the first-priority position of the prior MERS security deed.

In summary, the Trustee is a bona fide purchaser for value as of the petition date of March 20, 2011. No security deed was of record in the Debtors' chain of title at that time, and there was nothing of record to put the Trustee on any inquiry notice of the existence of an unrecorded security deed. Furthermore, any rights Wells Fargo may have had to the property under an equitable subrogation theory were cancelled when MERS cancelled its security deed on March 3, 2011.

It is hereby

ORDERED the Trustee is GRANTED summary judgment on all counts, avoiding the Security Deed of Wells Fargo on 45 Vinnys Terrace, Covington, Georgia, filed on March 21, 2011, in the Newton County records, and appearing at Book 2893, Page 546; it is

ORDERED FURTHER the Trustee shall recover the property so transferred for the benefit of the estate under 11 U.S.C. § 550.

**IT IS ORDERED.**