**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 15, 2013**

# In the Court of Appeals of Georgia

A13A1351. BABALOLA v. HSBC BANK, USA, N. A., et al.

BRANCH, Judge.

Gabriel Babalola filed a pro se complaint against HSBC Bank, USA, N. A. and Litton Loan Servicing[1] asserting claims for wrongful foreclosure, breach of contract, fraud, and the federal Fair Debt Collection Practices Act.[2] HSBC and Litton filed a joint motion to dismiss the complaint for insufficient service of process and failure to state a claim upon which relief could be granted. The trial court granted that motion

---

[1] Babalola's complaint also named McCurdy and Candler, LLC, the law firm who handled the foreclosure of Babalola's property. The law firm, however, is not a party to this appeal.

[2] We recognize that Babalola's complaint is rambling and, in part, difficult to decipher. However, "we are required to hold [pro se pleadings] to less stringent standards than formal pleadings drafted by lawyers," *Thompson v. Reichert*, 318 Ga. App. 23, 24 (733 SE2d 342) (2012), and a careful reading of the allegations contained in the complaint reveal that Bablola is asserting these four claims.

with little explanation and dismissed Babalola's complaint with prejudice. Babalola now brings this pro se appeal. For the reasons explained below, we reverse the order of the trial court and remand the case for proceedings consistent with this opinion.

We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, "constru[ing] the pleadings in the light most favorable to the plaintiff [and] with any doubts resolved in the plaintiff's favor." (Citations omitted.) *Center for a Sustainable Coast v. Ga. Dept. of Natural Resources*, 319 Ga. App. 205-206 (734 SE2d 206) (2012). And the pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer. *Gold Creek SL v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008). See also OCGA § 9-11-10 (c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

Babalola's complaint and the exhibits attached thereto show that in August 2006 Babalola obtained an $800,000 mortgage loan from Fremont Investment and Loan. The loan was secured by a promissory note and a security deed on the real property presumably being purchased by Babalola.[3] The promissory note was given

[3] Neither the complaint nor the exhibits attached thereto reflect whether the loan Babalola obtained was for the purchase of the property at issue or whether he was merely using that property to secure a loan he was obtaining for other purposes.

2

to Fremont as "Lender," while the security deed granted a security interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting "solely as nominee for Lender and Lender's successors and assigns."[4] The security deed contained an acceleration clause providing that in the event of Babalola's default the

---

[4] According to the exhibits attached to HSBC's and Litton's brief in support of their motion to dismiss, MERS, in its capacity as nominee for Fremont, subsequently transferred the security deed, "together with the [Promissory] Note and the debt evidenced thereby which said Deed was given to secure" to HSBC. These exhibits also reflect that HSBC thereafter appointed Litton to service the loan and granted it power of attorney to act for HSBC with respect to the loan and security deed. Given that they are attached to the brief in support of the motion to dismiss and not the answer, however, these documents cannot be considered in deciding the motion to dismiss. See *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005) (in deciding a motion to dismiss for failure to state a claim "a trial court may properly consider exhibits attached to and incorporated in" the complaint and answer) (footnote omitted); *Gold Creek*, 290 Ga. App. at 809 (1). Although a trial court has the option to consider evidence attached to a motion to dismiss and brief in support thereof, when it does so it converts the motion to dismiss into a motion for summary judgment, governed by OCGA § 9-11-56. See *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). "In accordance with this procedure, the trial court [has] the burden of informing" a plaintiff that it will be considering exhibits attached to the defendant's motion to dismiss and that the plaintiff "would have no less than 30 days within which to submit his own evidence in response to [the] motion for summary judgment." (Citations omitted.) Id. The trial court did not follow this procedure but instead treated the motion as a motion to dismiss. Accordingly, the trial court was precluded from considering the exhibits attached in support of the motion to dismiss, and we may not consider those exhibits in reviewing the trial court's grant of that motion.

Lender would have the right to foreclose on the property by means of a nonjudicial foreclosure sale.

Sometime between July 2008 and June 2011 Babalola defaulted on his loan payments, and HSBC thereafter purchased the property at the August 2, 2011 nonjudicial foreclosure sale. Approximately eleven months later, on June 21, 2012, Babalola filed the current action. On September 27, 2012, HSBC and Litton filed their joint "Answer By Special Appearances," in which they asserted a number of defenses and denied all of the complaint's substantive allegations. Simultaneously with the filing of their answer, HSBC and Litton also filed their motion to dismiss Babalola's complaint for insufficient service of process and failure to state a claim. The trial court granted that motion on January 10, 2013. According to the trial court's summary order, the dismissal was based on its review of "the Motion, the facts of the case, the Court file, [and] the written briefs," as well as the fact that the court had "otherwise [been] fully advised [of] the premises." This appeal followed.

1. "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion," and "[s]uch an abuse occurs where the trial court's ruling is unsupported by any evidence of record." (Citations, punctuation and footnotes omitted.) *Mathis v. BellSouth Telecommunications*, 301 Ga.

4

App. 881 (690 SE2d 210) (2010). Here, HSBC and Litton argued that because Babalola had not filed the return of service, he had not perfected service of process. The record shows, however, that on October 5, 2012, Babalola filed an Entry of Service as to both HSBC and Litton.[5] Accordingly, to the extent the trial court's order of dismissal is based upon Babalola's alleged failure to perfect service, that order constitutes an abuse of the court's discretion.

2. We next address the question of whether Babalola's complaint fails to state a claim upon which relief can be granted. Under current Georgia law, it is not "necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." (Citations omitted.) *Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011). Rather, "[t]he Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act." (Footnote omitted.) *Rucker v. Columbia Nat. Ins. Co.*, 307 Ga. App. 444, 446 (1) (a) (705 SE2d 270) (2010). Thus, a motion to dismiss

---

[5] These documents reflect that HSBC was served on August 27, 2012, and Litton was served on August 28, 2012, approximately three months after Babalola filed his complaint and one month before these defendants filed their motion to dismiss. The entry of service was filed less than one month after defendants filed their motion to dismiss and more than two months before the trial court ruled thereon.

5

for failure to state a claim should not be granted unless "the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." (Citation and punctuation omitted.) *Anderson v. Daniel*, 314 Ga. App. 394, 395 (724 SE2d 401) (2012). "Put another way, 'if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.'" (Citation and punctuation omitted.) *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (1) (709 SE2d 314) (2011).

(a) Babalola's wrongful foreclosure claim is based on his allegations that the foreclosure violated a bankruptcy stay; that HSBC and Litton failed to provide Babalola with notice of the foreclosure as required by OCGA § 44-14-162.2[6] and

---

[6] Babalola actually refers to HSBC's and Litton's violations of "OCGA § 44-14-160, et [seq.]." Based on Babalola's references to the statute in conjunction with his references to lack of notice and lack of advertising, however, it is fairly clear that he is asserting a wrongful foreclosure claim based HSBC's and Litton's alleged failure to comply with OCGA § 44-14-162 and OCGA § 44-14-162.2. The latter statute provides:

> (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who

6

failed to advertise the foreclosure as required by OCGA § 44-14-162[7]; and that neither

HSBC nor Litton was a party to either the promissory note or the security deed and

shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm. Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument.

(b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher.

OCGA § 44-14-162.2

[7] OCGA § 44-14-162 (a) provides, in relevant part:
No sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located and unless notice of the sale shall have been given as required by Code Section 44-14-162.2. If the advertisement contains the street address, city, and ZIP Code of the property, such information shall be clearly set out in bold type."

7

therefore neither had standing to foreclose on his property. These allegations support a wrongful foreclosure claim under Georgia law.

A foreclosure sale that is conducted after a bankruptcy stay goes into effect is void ab initio. See *Vereen v. Deutsche Bank Nat. Trust Co.*, 282 Ga. 284, 285 (646 SE2d 667) (2007); *In re Ford*, 296 B. R. 537, 543 (III) (A) (Bankr. N.D. Ga., 2003). Babalola has alleged defendants violated an existing automatic stay when they foreclosed on the property.

Additionally, under OCGA § 23-2-114, "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." "Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." (Citation omitted.) *Racette v. Bank of America, N. A.*, 318 Ga. App. 171, 174 (1) (a) (733 SE2d 457) (2012). Such a breach occurs where a secured creditor fails to comply with the statutory advertising and notice requirements set forth in OCGA § 44-14-162 (a) and OCGA § 44-14-162.2. Id. at 174-175 (a). See also *Roylston v. Bank of America, N. A.*, 290 Ga. App. 556, 559 (1) (b) (660 SE2d 412) (2008) ("[w]here a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the

8

debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure") (citation omitted). Similarly, if the contents of the advertisement of sale are defective in some respect, that defect "will support a wrongful foreclosure claim if the debtor can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sale price." (Citations omitted.) *Racette*, 318 Ga. App. at 175 (1) (a). See also *Gordon v. South Central Farm Credit, ACA*, 213 Ga. App. 816, 818 (446 SE2d 514) (1994) (where sale price is "grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price . . . such a sale may be set aside") (citation and punctuation omitted). Here, Babalola has alleged not only that the defendants failed to provide him with the required notice of foreclosure and failed to advertise the foreclosure as required, but also that the sales price was inadequate.

Additionally, Babalola asserts that because neither HSBC nor Litton was a party to either the promissory note or the security deed, neither had standing to foreclose on the property. We recognize that "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms

9

of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (1) (743 SE2d 428) (2013). See also *Hayes v. EMC Mtg. Corp.*, 296 Ga. App. 709, 711 (675 SE2d 594) (2009) (a secured lender's assignee steps into the shoes of, and becomes subrogated to, the rights of that secured lender). We are unable to determine from the pleadings (as opposed to the evidence presented in support of the motion to dismiss), however, whether HSBC was the holder of the security deed, as it contends it was, or whether Litton was appointed to serve as HSBC's agent with respect to that deed. We are therefore constrained to find that Babalola's assertion that neither HSBC nor Litton had the authority to foreclose on his property supports his wrongful foreclosure claim.

In light of the foregoing, Babalola's allegations that the foreclosure sale at issue violated a bankruptcy stay, that the sale failed to comply with the relevant statutory notice and advertising requirements, and that neither HSBC nor Litton had standing to conduct the sale, support his wrongful foreclosure claim, and the trial court erred in dismissing that claim.

(b) Under Georgia law, "a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and

10

their privies." (Citation and punctuation omitted.) *Gordon*, 213 Ga. App. at 817. In his complaint, Babalola asserts that HSBC and Litton breached certain provisions of both the security deed and the promissory note by failing to provide Babalola with monthly invoices, failing to provide Babalola with notice that the mortgage had been transferred from Fremont, and failing to provide Babalola with the notice mandated by the security deed prior to exercising its rights under the acceleration clause.

Neither the security deed nor the promissory note reflect that either HSBC or Litton had a contractual duty to provide Babalola with monthly invoices. Accordingly, this allegation does not support a breach of contract claim. See *Racette*, 318 Ga. App. at 172 ("[t]o the extent that there is any discrepancy between the allegations in the complaint and the exhibits attached to it, the exhibits control"), citing *H & R Block v. Asher*, 231 Ga. 780, 781 (204 SE2d 99) (1974). Babalola's assertions that HSBC and Litton failed to comply with the notice provisions contained in the security deed relating to the sale of the mortgage and the exercise of the acceleration clause, however, do support such a claim. *Racette*, 318 Ga. App. at 180-181 (4). Thus, Babalola's "complaint, coupled with the attachment of the Security Deed as an exhibit thereto, was sufficient for purposes of the Civil Practice Act to put [HSBC and Litton] on notice of the breach-of-contract claim[s] being asserted against [them]." (Citation

11

omitted.) Id. The trial court therefore erred in finding that the complaint failed to state such a claim.

(c) In support of his fraud claim, Babalola asserts that Litton (rather than HSBC) was the actual successor in interest to Fremont, that it fraudulently transferred the property for the purpose of foreclosing on it, and that the promissory note misrepresents the amount of the loan. None of these allegations is sufficient to satisfy the requirement that fraud be pled with particularity. See OCGA § 9-11-9 (b). Where a plaintiff (particularly a pro se plaintiff) fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, however, "the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements." (Citations omitted.) *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 90 (720 SE2d 370) (2011). See also *Skelton v. Skelton*, 251 Ga. 631-632 (1) (308 SE2d 838) (1983). On remand, therefore, the trial court should order Babalola to make a more definite statement of his fraud claim, "identify[ing] the ways in which the complaint fails to conform to the pleading requirements of the Civil Practice Act, and . . . warn[ing] [Babalola] about the

potential consequences of a failure to replead in a way that conforms to these requirements." *Bush*, 313 Ga. App. at 92.

(d) Babalola also asserts that HSBC and Litton violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 USC §1692, et seq. The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts on behalf of others, and the statute defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 USC § 1692a (6). The term "debt collector," however, "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*." (Citations omitted.) *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (II) (C) (5th Cir. 1985) (emphasis supplied). See also *Goia v. CitiFinancial Auto*, 2012 WL 113647, *11, (II) (G) (N.D. Ga., 2012); *Bates v. Novastar/Nationstar Mtg.*, 2008 WL 2622810, *6 (III) (A) (N.D. Ga., 2008). Here, Babalola attached to his complaint a document indicating that his loan may have been in default as early as the first week of July 2008. And HSBC has asserted that the debt was transferred to it sometime between July 11, 2008, and July 29, 2008. Given these facts, we cannot say definitively that Babalola is barred from

13

asserting a FDCPA claim against HSBC and/or Litton. Thus, the trial court erred in dismissing this claim.

For the reasons set forth above, the order of the trial court dismissing Babalola's complaint with prejudice is reversed, and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Phipps, C. J., and Ellington, P. J., concur.*