[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13994
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00305-SCJ

PATRICIA SIBLEY,
EDWARD KENIMER, JR.,

Plaintiffs-Appellants,

versus

NATIONAL CITY MORTGAGE COMPANY.,
NATIONAL CITY BANK, N.A.,
PNC MORTGAGE,
a Division of PNC Bank, NA,
BANK OF AMERICA, NA,
UNIDENTIFIED INVESTORS, CREDITORS,
REAL PARTIES IN INTEREST & AGENTS NOT YET IDENTIFIED,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 17, 2014)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Patricia Sibley and Edward Kenimer Jr. appeal the summary judgment against their amended complaint about a wrongful foreclosure and attempted wrongful foreclosure by National City Mortgage Company, National City Bank, N.A., PNC Mortgage, Bank of America, NA, and unnamed creditors and agents. The district court dismissed the complaints against Bank of America and the unnamed creditors and agents, and the district court granted summary judgment in favor of National City Mortgage, National City Bank, and PNC. We affirm.

In 2002, Sibley and Kenimer obtained a residential mortgage loan from Brookhaven Mortgage. Brookhaven assigned the loan to National City Mortgage, which executed a new promissory note and security deed with Sibley and Kenimer. In 2003, National City Mortgage assigned the loan to Bank of America, but National City Mortgage continued to service the loan. Later, National City Mortgage merged into National City Bank, which merged into PNC. In 2010, Sibley and Kenimer defaulted on the loan, and PNC initiated non-judicial foreclosure proceedings.

Sibley and Kenimer filed in a Georgia court a motion to enjoin the foreclosure sale, and PNC suspended its foreclosure proceedings and removed the action to the district court. Sibley and Kenimer filed an amended complaint that

2

the mortgage companies and loan servicers committed wrongful foreclosure and attempted a wrongful foreclosure by issuing notices and advertisements for the foreclosure that were defective and derogatory, see Ga. Code Ann. §§ 44-14-162, 44-14-162.2, and violated the Truth in Lending Act, see 15 U.S.C. § 1641(g). Sibley and Kenimer also complained that PNC committed "servicer abuse" by engaging in a "pattern of bad faith, unreasonableness and unfairness" in response to their requests to modify their loan and "proceed[ing] to foreclosure before a final written denial of their loan modification request." See Ga. Code Ann. § 23-2-114.

The district court dismissed in part and entered summary judgment in part against Sibley and Kenimer's complaint. The district court dismissed without prejudice the complaint against Bank of America for failure to perfect service of process, see id. § 9-11-4(e)(1)(A); Fed. R. Civ. P. 4(h)(1), and the complaint against the unnamed creditors and agents for failure to identify the parties with specificity, see Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). The district court entered summary judgment in favor of National City Mortgage and National City Bank because their liabilities had been assumed by their successor entity, PNC. See Ga. Code Ann. § 14-2-1106(a)(1)–(3). The district court also entered summary judgment in favor of PNC on the ground that Sibley and Kenimer's complaints failed as a matter of law.

Sibley and Kenimer have abandoned any challenges they might have made to the dismissal of the complaints against Bank of America and the unnamed creditors and agents or to the summary judgment in favor of National City Mortgage and National City Bank.  It is well settled in this Circuit that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal." Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012). Because Sibley and Kenimer fail to contest the four adverse rulings, we deem any challenge they might have made to those rulings abandoned.

The district court did not err by entering summary judgment in favor of PNC.  Sibley and Kenimer complained about a wrongful foreclosure, but in the absence of a "sale of the property, [they] suffered no legal injury and proved no actual damages" to support their claim for relief, Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984).  Sibley and Kenimer also complained about "servicer abuse," but their allegations that PNC failed to "fairly exercise" its "[p]owers of sale," Ga. Code Ann. § 23-2-114, pertain to their right to damages for the tort of wrongful foreclosure, see Racette v. Bank of Am., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012), and do not support a separate claim for relief.  And Sibley and Kenimer's admission that they defaulted on their loan defeated their complaint that PNC attempted a wrongful foreclosure.  Because Sibley and Kenimer were in default, the notices and advertisements of the foreclosure did not contain "untrue

4

and derogatory information concerning [their] financial condition." Aetna Fin. Co., 320 S.E.2d at 232.  Sibley and Kenimer argue that a genuine dispute exists about whether a private investor owns the loan and whether PNC has authority to negotiate and modify the loan, but declarations submitted by Chris James, a Vice President of Bank of America, and Brian Arthur, an Assistant Vice President of PNC, established, without dispute, that Bank of America owns the loan and PNC has authority to negotiate and modify the mortgage.  Sibley and Kenimer also argue that the notices of sale were defective because they listed National City Mortgage instead of Bank of America as the secured creditor, but a secured creditor does not have to be identified in the notice of sale, see You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013).  That PNC misidentified the secured creditor in a foreclosure newspaper advertisement is of no moment because Sibley and Kenimer did not contend that the irregularity affected the value of the property.  See Babalola v. HSBC Bank, USA, N.A., 751 S.E.2d 545, 550 (Ga. Ct. App. 2013) ("[I]f the contents of the advertisement of sale are defective in some respect, that defect 'will support a wrongful foreclosure claim if the debtor can come forward with evidence that the defects chilled the bidding at the foreclosure sale, causing a grossly inadequate sale price.'" (quoting Racette, 733 S.E.2d at 462)).

We **AFFIRM** the summary judgment in favor of PNC Mortgage.

5